Leon BLANKS *v.* STATE of Arkansas

CR 89-106                                     779 S.W.2d 168

Supreme Court of Arkansas
Opinion delivered November 13, 1989

*Appellant*, pro se.

*Steve Clark*, Att'y Gen., by: *Theodore Holder*, Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. On May 30, 1986, the appellant was convicted of aggravated robbery and theft of property. He was sentenced to a total of 26 years imprisonment. On January 3, 1989, he filed a motion to correct an illegal sentence. He wanted more prison time. He claimed the court failed to take into account the remainder of two sentences from prior convictions. Blanks had been under a suspended sentence when he committed a 1981 offense and out on parole when he committed the 1986 offense. The remainder of the sentences, Blanks said, should have been run consecutive to his 1986 sentence. Although running the sentences consecutively would increase Blanks' total sentence, he contends he would be eligible for parole sooner. He claims his eligibility would be governed by the more lenient parole law in effect at the time of his first offense. *See generally Bosnick v. Lockhart*, 283 Ark. 206, 672 S.W.2d 52 (1984), *supp. opinion on denial of rehearing.*

The trial judge denied the motion to correct the sentence. We affirm because the motion was not filed within 120 days of the imposition of sentence. Ark. Code Ann. § 16-90-111 (Supp. 1987).

Blanks relies on the provisions of Ark. Code Ann. §§ 16-93-607(e)(1) and (2) (1987) which read as follows:

> When any convicted felon, while on parole, is convicted of another felony, the felon shall be committed to the Department of Correction to serve the remainder of his original sentence, including any portion suspended, with credit for good time allowances. Upon conviction for the subsequent felony, the court shall require the sentence for the subsequent felony to be served consecutively with the sentence for the previous felony.
>
> Any person found guilty of a felony and placed on probation or suspended sentence therefor, who is subsequently found guilty of another felony committed while on probation or suspended sentence, shall be committed to the Department of Correction to serve the remainder of his suspended sentence plus the sentence imposed for the subsequent felony. The sentence imposed for the subsequent felony is to be served consecutively with the remainder of the suspended sentence.

The record does not show if any of the sentencing courts were aware that time remained from Blanks' previous sentences.

Ark. Code Ann. § 16-90-111 provides that a sentence imposed "in an illegal manner" must be corrected within 120 days of its imposition, but an "illegal sentence" may be corrected at any time. An illegal sentence is one that is illegal on its face. *Fritts* v. *State*, 298 Ark. 533, 768 S.W.2d 541 (1989); *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986). The sentences in this case were facially valid, within the term of years prescribed by law. Blanks' argument is essentially that his sentences were imposed in an illegal manner. That type of error must be corrected within 120 days. Since Blanks did not file his motion in a timely manner, dismissal was proper. His remedy, if any, is not under Ark. Code Ann. § 16-90-111.

Affirmed.