Aaron LOVE *v.* STATE of Arkansas

CR 95-1188                                        922 S.W.2d 701

Supreme Court of Arkansas
Opinion delivered May 28, 1996

*Kearney Law Offices*, by: *Jeffery H. Kearney*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Brad Newman*, Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Aaron Love was convicted by a jury of two counts of aggravated robbery; he was sentenced to twenty years' imprisonment on each count, with the sentences to be served consecutively. Love raises four points on appeal, including a challenge to the sufficiency of the evidence. We affirm.

At trial, Rebecca Brooks testified that on April 16, 1994, she was a passenger in a car driven by Elson Rea. While the vehicle was stopped, someone opened Brooks's door, grabbed her purse, and struck her in the mouth when she refused to release the purse. Brooks observed two men flee with her purse, but she could not identify either of them. At trial, Elson Rea identified Aaron Love as the person who grabbed Brooks's purse and struck her. Rea also testified that he had identified Love in a "photo book" which the police showed him several days after the incident.

On April 23, 1994, Ruby Joe Hairston arrived at her home and exited her vehicle. She was approached by a man holding a shotgun or rifle; the man demanded that she give him her purse. Hairston handed the man her purse, and he fled. Hairston identified Love as the perpetrator at a line-up conducted the evening of the robbery and at trial.

In addition, Hairston's twelve-year-old son observed a Chevrolet Cavalier leaving the area of the robbery, and a Cavalier was found abandoned two blocks from the robbery. The vehicle had a flat tire, and three subjects reportedly fled on foot. Angela Smith testified that she owned a Chevrolet Cavalier which she loaned to Love on April 23, 1994. She testified that she did not see her car again until 12:30 the next morning at the police department. The car was in good working condition when Smith loaned it to Love; however, a tire and an axle were damaged when the car was recovered.

■ We first consider Love's argument that the trial court erred in denying his motion for a directed verdict. *See Misskelley v. State*, 323 Ark. 449, 915 S.W.2d 702 (1996). A motion for a directed verdict is a challenge to the sufficiency of the evidence. *Passley v. State*, 323 Ark. 301, 915 S.W.2d 248 (1996). Love, however, is procedurally barred from challenging the sufficiency of the

evidence because he failed to renew his motion for directed verdict at the close of all of the evidence. *Brooks* v. *State*, 308 Ark. 660, 827 S.W.2d 119 (1992); *see also Heard* v. *State*, 322 Ark. 553, 910 S.W.2d 663 (1995). The failure to challenge the sufficiency of the evidence at both the close of the state's case and the close of all of the evidence "will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict." Ark. R. Cr. P. 33.1 [formerly Ark. R. Cr. P. 36.21(b)]; *see also Heard* v. *State*, *supra*; *Jones* v. *State*, 318 Ark. 704, 889 S.W.2d 706 (1994); *Brooks* v. *State*, *supra*.

Love also contends· that the trial court committed prejudicial error by (1) misinforming him, on the eve of trial, of the applicable sentencing procedure and (2) improperly and erroneously identifying him to the jury as an habitual offender. These issues, however, are also not preserved for appellate review. Love's counsel did not object to either the trial court's statements regarding the applicable sentencing procedure or the trial court's reference to Love as an habitual offender, nor did Love's counsel even inform the trial court of the alleged errors.

As to the first point, a conference was held on the morning of the trial because Love had "some questions about what a jury trial was all about." Both Love and his counsel were present, and the trial judge informed Love that the jury's verdict had to be unanimous. The trial judge further stated that if Love was found guilty the jury would then decide the punishment after hearing additional evidence and argument. Finally, the trial judge explained that Love could waive the jury trial, and the trial judge would determine guilt or innocence. The trial judge then asked Love if he had any other questions; Love responded, "No." On appeal, Love submits that the instructions given by the trial judge concerning the sentencing procedure were incomplete and misleading because the trial judge did not inform him that the judge determined whether the sentences were to be served consecutively or concurrently.

With regard to the second point, after the jury returned a guilty verdict on both counts of aggravated robbery, the trial court made the following statement:

> Ladies and gentleman you have found Mr. Love guilty of these aggravated robberies. I will tell you now that aggravated robbery when committed by an *habitual offender* is

punishable from 10 years to 40 years or life.

(Emphasis supplied.) On appeal, Love contends that his jury sentence was substantially affected by the trial court's erroneous identification of him as an habitual offender. Love, however, does not assert that the sentence range of "10 years to 40 years or life" was not the appropriate range for aggravated robbery when committed by a person who was not an habitual offender. In fact, the sentencing range in the instruction was the appropriate range. *See* Ark. Code Ann. § 5-4-401 (Repl. 1993).

■■ The failure to object at the first opportunity waives any right to raise the point on appeal. *Gibson* v. *State*, 316 Ark. 705, 875 S.W.2d 58 (1994); *Heard* v. *State*, 316 Ark. 731, 876 S.W.2d 231 (1994). To preserve an argument for appeal there must be an objection in the trial court that is sufficient to apprise that court of the particular error alleged. *Moore* v. *State*, 321 Ark. 249, 903 S.W.2d 154 (1995). Further, we will not address arguments raised for the first time on appeal. *Parnell* v. *State*, 323 Ark. 34, 912 S.W.2d 422 (1996); *Cooley* v. *State*, 322 Ark. 348, 909 S.W.2d 312 (1995). In this instance, the alleged errors should have been called to the attention of the trial court by timely objection or inquiry so that the trial court could be given the opportunity to correct the errors. *See Lynch* v. *State*, 315 Ark. 47, 863 S.W.2d 834 (1993); *Dumond* v. *State*, 290 Ark. 595, 721 S.W.2d 663 (1986).

For his final point, Love contends that the trial court abused its discretion by directing that the sentences be served consecutively. The jury recommended that Love's sentences be served concurrently; however, the trial court ordered that they be served consecutively.

■ It is well established that the question whether two separate sentences should run consecutively or concurrently lies solely within the province of the trial court. *Hadley* v. *State*, 322 Ark. 472, 910 S.W.2d 675 (1995); *Brown* v. *State*, 316 Ark. 724, 875 S.W.2d 828 (1994); *Abdullah* v. *State*, 290 Ark. 537, 720 S.W.2d 902 (1986); *see also* Ark. Code Ann. § 5-4-403 (Repl. 1993); Ark. Code Ann. § 16-90-109 (1987). Further, the appellant assumes a heavy burden of showing that the trial judge failed to give due consideration to the exercise of his discretion in the matter of consecutive sentences. *Edwards* v. *State*, 300 Ark. 4, 775 S.W.2d 900 (1989). In the instant case, Love has failed to establish that the trial court abused its

discretion.

Love initially contends that the trial court ignored his request for immediate sentencing and directed that a presentence investigation report be prepared. Love's counsel, however, informed the trial court that he would not object to a presentence report. We have repeatedly held that a person cannot agree with a ruling by a trial court and then attack it on appeal. *Edwards v. State*, 321 Ark. 610, 906 S.W.2d 310 (1995).

Love next asserts that the trial court abused its discretion because the Jefferson County Circuit Court has a policy of following the jury's recommendation with regard to sentencing. Love, however, offers no authority regarding the validity or effect of such an alleged policy. Assignments of error, unsupported by convincing argument or authority, will not be considered on appeal unless it is apparent without further research that they are well taken. *Stevens v. State*, 319 Ark. 640, 893 S.W.2d 773 (1995). Further, the trial court clearly has the authority to order that the sentences be served consecutively. *See* Ark. Code Ann. § 5-4-403 (Repl. 1993); Ark. Code Ann. § 16-90-109 (1987); *see also Hadley v. State, supra; Brown v. State, supra; Abdullah v. State, supra.*

Love further contends that the trial court abused its discretion by considering matters that were immaterial to the case. Love submits that the trial court presided over the trial of Love's accomplice, who was acquitted. Love asserts that the accomplice's acquittal was "not well received" by the trial court and that the trial court unduly focused the effects of the community's recent crime problems upon Love. At the sentencing hearing, the trial court stated:

> The comment in the pre-sentencing report that makes the most impact on this Court is the fact that during a period of time here in Pine Bluff a series of these offenses of which you were convicted of two, committed one week apart, there were a series of offenses that virtually paralyzed this city.

The trial court also stated that he did not expect that an extended term in prison would rehabilitate Love. In ordering consecutive sentences, the trial court concluded that "[t]he only thing that I know that it might do is send some sort of a message to somebody else out there that might be so inclined to engage in a course of

conduct of a criminal nature." After Love's counsel objected that Love had only been convicted of two of the offenses, the trial court stated that Love's two crimes constituted a series and were a sufficient part of the overall whole to make him responsible for his part. The trial judge further stated that he was not sentencing Love for something that he was not tried and convicted of.

Finally, Love submits that it is improper to penalize one defendant to make a law enforcement or political statement. Granted, the trial court commented that he hoped to send a message to people who might be inclined to engage in criminal activity. However, Love cites no authority for his argument that such a consideration is improper. *Stevens v. State, supra.* Further, Ark. Code Ann. § 16-90-801(a)(5) (Supp. 1995) provides that a primary purpose of sentencing a person convicted of a crime is to "deter criminal behavior and foster respect for the law."

Affirmed.

DUDLEY, J., not participating.