Alfonzo BROWN *v.* STATE of Arkansas

CR 96-432                                          931 S.W.2d 80

Supreme Court of Arkansas
Opinion delivered September 23, 1996

*Jeffrey A. Weber,* for appellant.

*Winston Bryant,* Att'y Gen., by: *Brad Newman,* Asst. Att'y Gen., for appellee.

ANDREE LAYTON ROAF, Justice. Appellant Alfonzo Brown was convicted of first-degree battery, possession of a firearm, aggravated assault, and failure to appear; the jury sentenced Brown as an habitual offender to forty years', fifteen years', fifteen years', and thirty years' imprisonment, respectively. The trial court ordered that the sentences be served consecutively for a total sentence of 100 years' imprisonment. Brown's sole point on appeal is that the decision to run his sentences consecutively was made arbitrarily and without discretion. As Brown did not make this argument to the trial court, we affirm.

On June 2, 1993, David Stewart of the Newport Police Department was shot in the leg. Stewart and other police officers were responding to a report that shots had been fired in the area of the "Bridge Station." Sergeant Larry Dulaney testified that six or seven shots were fired at his patrol unit. Dulaney said that, after he and Stewart exited their vehicles, three or four shots hit very close to their position. Stewart testified that "you could see gravel kicking up around us." Ms. Folanda Peel testified that she witnessed Alfonzo Brown shoot Officer Stewart. At trial, Brown denied that he fired any shots; however, in a statement made to the police, Brown admitted that he had a gun and that he was shooting at the officers. Brown said that Richard Williams and Tyrone Ellis were also shooting at the police officers. Brown's statement was admitted into evidence at trial.

In addition, Investigator James Duvall of the Newport Police Department testified that Brown escaped from custody on April 19, 1994. Brown was captured in California, and he was returned to Arkansas in March of 1995. Finally, James Brock of the Jackson County Sheriff's Department testified that Brown did not appear for a trial scheduled for July 7, 1994.

On appeal, Brown contends that the trial court failed to exercise discretion in ordering that his sentences run consecutively. Brown argues that the trial court made its decision to "stack" the sentences before the trial began, and that he is consequently entitled to a new sentencing hearing before a different judge.

Prior to trial, an in camera hearing was held to discuss a plea offer of twenty years' imprisonment made by the State. The following colloquy occurred:

> Trial Court: I just want to make sure you understand what I'm telling you. You're charged as an habitual, and that means you're going to get, if you get convicted, you're going to get a greater enhancement of time. Have you figured it up. . . .
>
> Prosecuting Attorney: Well, wait. It's forty years on the battery, it's fifteen, no, thirty on the aggravated assault, fifteen, let's see, forty, he's looking in excess of seventy something years.
>
> Trial Court: Okay, now here's what I want to tell you now. Listen to me now, Alfonzo. I want you to, I want you to, first of all, I want you to, I want you to trust me that what I'm telling you is true. If they convict you for shooting the chief and shooting at a police officer, which is pretty serious, if they give you everything that they can give you, which they may do, you're looking at the rest of your life. That's why I got you in here. This is real serious. You're looking at a life sentence is what you're looking at. Alfonzo, you ain't going to get out if they, if they convict you and give you a bunch of time, give you the maximum, which they can do. I want you to know that, okay?
>
> Now he has offered you twenty years. If they convict you and give you more than twenty years under a jury trial, you're going to do a whole ton of it because you are an habitual criminal, okay?
>
> * * *
>
> Trial Court: Because, Alfonzo, we're talking about the rest of your life here, okay? That can happen to you today. All right? Now do you want to talk to your lawyer?

Brown: Yeah.

Trial Court: You really need to think about this real hard, and I know it's kind of quick but I mean that's just the way the law works and when it gets down to it, that's, that's what happens; and you're looking at some real hard time and you're probably not going to be able to get out of the penitentiary if you get convicted for a long, long time. You're looking at the rest of your life. Certainly the better portion of your life. Okay?

At the conclusion of a short recess, Brown's attorney informed the trial court that Brown wanted to go to trial. After the verdict was announced, the State moved that the sentences be served consecutively. The following colloquy then occurred:

Attorney for Brown: Your Honor, we would object to that. That's in essence a life sentence for this, for Mr. Brown. I think it'd be cruel and unusual punishment to give him that much time when there has been no capital offense. . . .

Jury Foreman: We, the jurors, wanted to make a statement that we will not tolerate somebody shooting our police officers.

Trial Court: Well, that's obvious, Mr. Temple. You don't have to tell me that. I can just look at the verdict form.

Jury Foreman: Well, a hundred years ain't enough.

Trial Court: I mean the Court's not going to take that into consideration but that's obvious because he got the maximum on everything.

Let me tell you something, Mr. Brown, you're, you are so vulnerable in many ways. The thing that has troubled me in this case more than anything else was one statement by Officer Dulaney, even more than, even more than the chief of police getting shot, and that was when he said, "When that gravel started popping all around me," or something to that effect. That just curled the hair on my neck, and for that reason, and other reasons, I'm going to run these sentences consecutive.

Counsel for Brown did not make any further objection.

■■ In order to preserve an argument for appeal there must be an objection in the trial court that is sufficient to apprise that court of the particular error alleged. *Love* v. *State*, 324 Ark. 526, 922 S.W.2d 701 (1996). Further, this court will not address arguments raised for the first time on appeal. *Id.* In this instance, the alleged error should have been called to the attention of the trial court by timely objection or inquiry so that the trial court could be given the opportunity to correct the error. This court has specifically stated that where an appellant did not object to his terms of imprisonment being imposed consecutively, the court would not address the argument on appeal. *Richardson* v. *State*, 314 Ark. 512, 863 S.W.2d 572 (1993).

■ In the instant case, the appellant's only objection was that consecutive sentences constituted cruel and unusual punishment. A party cannot change the grounds for an objection on appeal; he is bound on appeal by the scope and nature of the objections and arguments presented at trial. *Campbell* v. *State*, 319 Ark. 332, 891 S.W.2d 55 (1995).

■ Moreover, even if the point had been preserved, it lacks merit. It is well established that the question of whether sentences should run consecutively or concurrently lies solely within the province of the trial court. *Love* v. *State*, 324 Ark. 526, 922 S.W.2d 701 (1996). Further, the appellant assumes a heavy burden of showing that the trial judge failed to give due consideration to the exercise of his discretion in the matter of the consecutive sentences. *Id.* Brown contends that, based upon the in camera hearing, the trial court did not exercise discretion because he determined that the sentences would be stacked prior to trial. However, the trial court was simply informing Brown of the possible consequences he faced by refusing to accept the plea offer. Under Ark. R. Crim. P. 24.4(c), before accepting a plea of guilty, a trial judge must address the defendant personally and inform him regarding the maximum possible sentence on the charge, including that possible from consecutive sentences. *Wallace* v. *Willock*, 301 Ark. 69, 781 S.W.2d 484 (1989).

Affirmed.