Clarence Edward MIXON *v.* STATE of Arkansas

CR 97-452                                    954 S.W.2d 214

Supreme Court of Arkansas
Opinion delivered October 9, 1997

*John F. Stroud III*, for appellant.

*Winston Bryant*, Att'y Gen., by: *C. Joseph Cordi, Jr.*, Asst. Att'y Gen., for appellee.

ANNABELLE CLINTON IMBER, Justice. The appellant, Clarence Edward Mixon, was convicted by a jury of residential burglary, aggravated robbery, theft of property, and two counts of rape. As a habitual offender, Mixon was sentenced to consecutive terms of two life sentences plus 115 years' imprisonment. On appeal, Mixon argues that the trial court erred in allowing testi-

mony regarding two footprints that were found near the crime scene, and in ordering his sentences to run consecutively. Finding no merit to either argument, we affirm.

On October 9, 1995, at approximately 3:30 a.m., a man broke into the victim's home, raped her twice at knife point, and stole her jewelry. The victim was unable to see her attacker because a pillow case was placed over her head. She, however, was able to feel a scar on the perpetrator's forearm.

The next morning, around 9:00 a.m., the police discovered two footprints outside of the victim's home. The first footprint was located on a bench underneath a window to the victim's house. The second footprint was found on the ground approximately sixty-five to seventy feet from the victim's home at the intersection of Tenth and County Street. Officer Humphries testified that the patterns of the two footprints were similar, and the letters "L.A." were clearly visible in the print found at the street corner. Detective Tate testified that there was "no doubt" in her mind that an L.A. Gear tennis shoe made both footprints. Detective Tate also testified that she observed similar footprints leading to and away from the victim's home. The victim testified that she did not own any L.A. Gear tennis shoes, and no such footwear was found in her home.

Several days later, the police located the victim's stolen jewelry in several pawn shops, and the pawn tickets listed the depositor as the defendant, Clarence Mixon. When Mixon was arrested, he was wearing a pair of L.A. Gear tennis shoes with markings similar to those observed in the two footprints found at the crime scene. At the time of his arrest, the police also observed a scar on Mixon's forearm similar to that described by the victim. Furthermore, DNA testing indicated a 99.99% probability that Mixon raped the victim. Finally, the victim identified Mixon's voice as similar to the voice she heard on the night of the rape. Based on this evidence, the jury found Mixon guilty of residential burglary, aggravated robbery, theft of property, and two counts of rape.

## I. Footprints

■ For his first argument on appeal, Mixon asserts that the trial court erred when it allowed the police officers to testify about the footprints that were found at the crime scene. Mixon argues that the trial court erred when it declined to exclude the evidence under Ark. R. Evid. 403, which states in relevant part that:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. . . .

We have repeatedly held that the balancing mandated by Rule 403 is a matter left to a trial court's sound discretion, and thus, we will not reverse the court's ruling absent a showing of manifest abuse. *Wallace v. State*, 326 Ark. 376, 931 S.W.2d 113 (1996); *Scott v. State*, 325 Ark. 267, 924 S.W.2d 248 (1996).

■ Mixon argues that the testimony was more prejudicial than probative because L.A. Gear is a popular brand of tennis shoe, and the prints were found in a heavily traveled area several hours after the assault occurred. Officer Humphries, however, testified that there was not much traffic in the area at six o'clock in the morning, and Detective Tate testified that she saw similar footprints leading to and away from the victim's home. Moreover, Detective Tate testified that there was "no doubt" in her mind that both footprints were made by L.A. Gear shoes. Finally, the footprints had similar patterns to the soles of the shoes Mixon was wearing at the time of his arrest. Based on these facts, we cannot say that the trial court abused its discretion when it declined to exclude the testimony under Rule 403.

## II. Consecutive Sentences

At the conclusion of the trial, the jury sentenced Mixon to forty years for residential burglary, forty years for theft of property, seventy-five years for aggravated robbery, and two life sentences for the two counts of rape. The trial judge ordered all sentences, except for the sentence of forty years for theft of property, to be served consecutively. On appeal, Mixon argues that the trial court erred in running the sentences consecutively because the

court failed to use its discretion pursuant to Ark. Code Ann. § 5-4-403 (Repl. 1993).

We, however, cannot address the merits of this argument because Mixon failed to properly preserve the issue for appellate review. On several occasions, we have refused to address an appellant's challenge to the trial court's decision to run the sentences consecutively when the appellant failed to make an objection below. *See Hicks v. State*, 327 Ark. 652, 941 S.W.2d 387 (1997); *Brown v. State*, 326 Ark. 56, 931 S.W.2d 80 (1996). Because Mixon made no objection after the trial court announced its ruling that four of his five sentences would run consecutively, we must affirm the trial court's ruling.

### III. Arkansas Supreme Court Rule 4-3(h)

In accordance with Ark. S. Ct. R. 4-3(h), the record has been reviewed for rulings decided adversely to Mixon but not argued on appeal, and no reversible errors were found.