LARRY D. VAUGHT, Judge
On November 10 and 24, 2015, law-enforcement officers worked with two confidential informants to purchase methamphetamine from appellant Kwasi McKinney at his residence located at 202 Mulberry in McNeil, Arkansas. Thereafter, on January 28, 2016, pursuant to a search warrant, law-enforcement officers searched McKinney's home and found methamphetamine, drug paraphernalia, and a firearm. On November 29, 2016, a Columbia County jury found McKinney guilty of delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons.[1] He was sentenced to serve twenty-eight years',[2] six years', eighteen years', sixty years', thirty years', and twelve years' imprisonment, respectively, to be run consecutively, for a total of 154 years. On appeal, McKinney contends that (1) there was insufficient evidence to support the convictions for simultaneous possession of drugs and a firearm and for possession of a firearm; (2) the circuit court abused its discretion in ordering consecutive sentences; and (3) the circuit court abused its discretion in denying his request for a pretrial hearing. We affirm in part and reverse and remand in part.
*219 McKinney argues that the evidence was insufficient to support his convictions for simultaneous possession of drugs and a firearm and for possession of a firearm.[3] More specifically, he argues that the proof failed to establish that he constructively possessed these items. He cites the testimony of Officer Jonathan Chambers of the Thirteenth Judicial Drug Task Force who stated that there were two other men, Sharde Mullins and Jaylon McKamie, in the home at the time of the search. Chambers also testified that these two men could have placed the drugs and firearm in the closet, but they were not investigated, and the firearm and drugs were not submitted to the crime lab for latent-print testing. Based on this evidence, McKinney argues, "It is not beyond the realm of possibility that someone else planted [the firearm and drugs] there and left [McKinney to] take the fall and face the consequences."
In order to preserve for appeal the issue of the sufficiency of the evidence, a defendant must first raise the issue to the circuit court as provided in Arkansas Rule of Criminal Procedure 33.1. Rule 33.1(a) provides that, in a jury trial, a defendant must challenge sufficiency by a specific motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all the evidence. Ark. R. Crim. P. 33.1(a) (2017). A defendant's failure to raise the issue at the times and in the manner required by the rule will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Ark. R. Crim. P. 33.1(c).
A motion for directed verdict is inadequate if it states "that the evidence is insufficient [and] does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." Gillard v. State , 372 Ark. 98, 101, 270 S.W.3d 836, 838 (2008) (citing Ark. R. Crim. P. 33.1(c) ; Smith v. State , 367 Ark. 274, 239 S.W.3d 494 (2006) ). The motion must specifically advise the circuit court as to how the evidence was deficient. Id. , 270 S.W.3d at 838. The reason underlying this requirement that specific grounds be stated and that the absent proof be pinpointed is that it allows the circuit court the option of either granting the motion or, if justice requires, allowing the State to reopen its case to supply the missing proof. Id. , 270 S.W.3d at 838-39. We will not address the merits of an appellant's insufficiency argument where the directed-verdict motion is not specific. Id. , 270 S.W.3d at 839.
In the present case, McKinney made the following motions for directed verdict:
I don't believe that there was sufficient evidence that demonstrated or proved that [McKinney] in any way possessed specifically a firearm in this case, therefore the jury could not declare that he would be guilty of simultaneous possession of drugs and firearms.
....
I don't believe that the State demonstrated or showed or met their burden in regard to the gun and that [McKinney] in any way possessed a firearm. Therefore, a jury could not conclude that he could be guilty of possession of a firearm.
McKinney's motions for directed verdict merely stated that he did not possess the firearm. He did not argue below that the State failed to prove that he constructively possessed the firearm. Under these circumstances, we hold that McKinney's motion *220 was too general to preserve the constructive-possession argument he has raised on appeal. Conley v. State , 2011 Ark. App. 597, at 6-7, 385 S.W.3d 875, 878-79 (holding that the appellant failed to preserve his sufficiency argument where he argued in his motions for directed verdict that the State failed to prove possession of drugs and drug paraphernalia but argued on appeal that the State failed to establish constructive possession). Accordingly, we affirm on the issue of the sufficiency of the evidence supporting McKinney's convictions for simultaneous possession of drugs and a firearm and possession of a firearm by certain persons.
McKinney also argues on appeal that the circuit court abused its discretion in ordering consecutive sentences. After the jury returned its guilty verdicts and sentencing recommendation, the State requested that the circuit court sentence McKinney to twenty-four years of suspended imposition of sentence (SIS) for the possession-of-methamphetamine and delivery-of-methamphetamine convictions and to order that the sentences for the remaining convictions (possession of a firearm by certain persons, maintaining a drug premises, simultaneous possession of drugs and a firearm, and the proximity enhancement), which totaled 130 years, be run consecutively. McKinney's counsel did not respond or object. Thereafter, the circuit court found that it lacked authority to order SIS where the defendant had been determined to be a habitual offender, and it concluded that it would follow the jury's sentencing recommendations. The court then stated that the jury had spent "quite a bit of time deliberating on this. Obviously, they had different thoughts about different sentences," and ordered that the sentences run consecutively for a total of 154 years. McKinney did not object.
In order to preserve an argument for appeal there must be an objection in the circuit court that is sufficient to apprise that court of the particular error alleged. Brown v. State , 326 Ark. 56, 60, 931 S.W.2d 80, 83 (1996). Further, we will not address arguments raised for the first time on appeal. Id. , 931 S.W.2d at 83. Our supreme court has specifically stated that when an appellant did not object to his or her terms of imprisonment being imposed consecutively, the court would not address the argument on appeal. Id. , 931 S.W.2d at 83 (citing Richardson v. State , 314 Ark. 512, 863 S.W.2d 572 (1993) ).
In the instant case, McKinney raised no objection to the State's request that his sentences run consecutively or to the circuit court's ruling that his sentences run consecutively. The alleged error should have been called to the attention of the circuit court by timely objection or inquiry so that the court could be given the opportunity to correct the error. Therefore, we hold that McKinney's sentencing argument is not preserved for appeal. Brown , 326 Ark. at 60, 931 S.W.2d at 83 ; Mixon v. State , 330 Ark. 171, 174, 954 S.W.2d 214, 216 (1997) (holding that in order to preserve a challenge to the circuit court's decision to run sentences consecutively, the appellant must make an objection in circuit court). Accordingly, we affirm the circuit court's decision to run McKinney's sentences consecutively.
McKinney's final argument on appeal is that the circuit court abused its discretion in denying his request for a pretrial hearing. On October 13, 2016, McKinney filed five pretrial motions: a motion to suppress statement, a motion to suppress search, a motion to compel testing of certain evidence, a motion for reconsideration or in the alternative to reduce bail, and a motion in limine. On November 8, 2016, counsel for McKinney requested a *221 hearing on the motions, and the State objected the following day.
No hearing was held, and on November 14, 2016, the circuit court entered an order denying the motions to suppress the statement, to suppress the search, and to compel testing, finding that they were untimely.[4] The court found that McKinney had appeared on two occasions (July 7, 2016, and August 18, 2016) and announced he was ready for trial. Before the jury trial started, counsel for McKinney moved for reconsideration, stating that by announcing for trial, he did not intend to waive the right to a hearing on his pretrial motions. The court reiterated its finding that McKinney had twice announced that he was ready for trial and that the motion requesting the testing of evidence could not be performed before trial. The court denied the motion for reconsideration.
On appeal, McKinney argues that, pursuant to Arkansas Rule of Criminal Procedure 16.2(b), a motion to suppress evidence is timely if filed ten days before trial. Ark. R. Crim. P. 16.2(b) (2017). He contends that he filed his suppression motions[5] well before that; therefore, the circuit court abused its discretion in denying his motion based on untimeliness.
The State first argues that, based on Rule 16.1 of the Arkansas Rules of Criminal Procedure, Rule 16.2 does not apply because this was a criminal prosecution in which the omnibus-hearing procedure was utilized. Ark. R. Crim. P. 16.1 (2016). However, the record in this case does not demonstrate that an omnibus hearing was set and/or held. Therefore, Rule 16.2 does apply. And based on Rule 16.2, McKinney's motions to suppress-filed forty-seven days before trial-were timely filed. Therefore, we hold that the circuit court abused its discretion in finding that the motions to suppress were untimely.
McKinney further contends that he was entitled to a hearing on his suppression motions. While Rule 16.2 does not mandate a pretrial hearing on suppression motions, at the very least, our statutory and case law mandates a hearing on the motion to suppress the statement. Coon v. State , 76 Ark. App. 250, 254, 65 S.W.3d 889, 891 (2001). "A hearing is mandatory on a motion to suppress, and the supreme court has said that a defendant is not required to question the admissibility of his pretrial statements more than once." Id. at 254, 65 S.W.3d at 891. Likewise, in Rankin v. State , our supreme court held that the circuit court erred when it admitted the defendant's custodial statements without conducting a hearing on the defendant's suppression motion, as it had been requested to do. 329 Ark. 379, 399-400, 948 S.W.2d 397, 408 (1997). The holding there relied on Arkansas Code Annotated section 16-89-107(b)(1) (1987), which provided in mandatory terms that a circuit court must hold a hearing on a motion to suppress a statement. See also Greene v. State , 335 Ark. 1, 29-30, 977 S.W.2d 192, 206 (1998) (holding that, based on Arkansas Code Annotated section 5-2-309(c) (Repl. 1997), a pretrial hearing is required when a defendant contests a mental evaluation).
*222 Based on the above, McKinney was entitled to a hearing on his motion to suppress his statement, and the circuit court abused its discretion in denying his request. We do not extend this holding to McKinney's motion to suppress the search, as there is no statutory authority mandating a pretrial hearing on such a motion.
As a final argument, the State contends that if the circuit court erred in denying the motion to suppress McKinney's statement, the error was harmless beyond a reasonable doubt. The State contends that McKinney, in his statement, revealed information about his methamphetamine trade, but he did not confess to any facts surrounding the charges he faced at trial. For instance, he did not confess to the November 10 or 24, 2015 drug transactions or to possessing any of the evidence obtained in the search of his home on January 28, 2016. The State argues that the information in the statement was cumulative of the testimony of other witnesses at trial; thus, the error was harmless.
Illegally obtained evidence that is erroneously admitted is subject to the constitutional harmless-error analysis. Schalski v. State , 322 Ark. 63, 69-70, 907 S.W.2d 693, 697 (1995) (citing Fahy v. Connecticut , 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963) ). Before a federal constitutional error can be held harmless, this court must declare it harmless beyond a reasonable doubt. Schalski , 322 Ark. at 70, 907 S.W.2d at 697 (citations omitted).
In the case at bar, there was overwhelming evidence to support the jury's findings that McKinney sold drugs to the confidential informants on November 10 and 24, 2015. The informants and Officer Chambers, who participated in the drug transactions, testified that McKinney sold them drugs, and there were videos of the transactions. Therefore, the admission of McKinney's statement was harmless error beyond a reasonable doubt as to the convictions for delivery of methamphetamine and possession of methamphetamine, and we affirm those convictions.
However, we cannot reach the same conclusion regarding the remaining convictions for maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons. While McKinney's statement did not include admissions on these charges, his statement did detail his drug business, and the jury could have found that he possessed the firearm and drugs at his house as part of his drug business. Therefore, we cannot conclude that the admission of the statement-as it relates to his convictions for maintaining a drug premises, possession of methamphetamine with intent to deliver, simultaneous possession of drugs and a firearm, and possession of a firearm by certain persons-was harmless beyond a reasonable doubt.
In conclusion, we affirm McKinney's convictions for delivery of methamphetamine and possession of methamphetamine. However, we hold that the circuit court abused its discretion in denying McKinney's motions to suppress his statement and the search based on untimeliness. Therefore, we reverse and remand the circuit court's order denying McKinney's suppression motions. We also hold that the circuit court abused its discretion in denying McKinney's request for a hearing on his motion to suppress his statement and that this was not harmless error.
On remand, we direct the circuit court to rule on the merits of McKinney's motion to suppress the search. We further direct the circuit court to hold a hearing on the record *223 for the limited purpose of considering the arguments and allegations presented in McKinney's pretrial motion to suppress his statement. If, after ruling on the motion to suppress the search and/or at the conclusion of the hearing on the motion to suppress the statement, the circuit court determines that either or both motions have merit, the court should suppress the search and/or statement and order a new trial on the charges of maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons. If the circuit court determines that the motions lack merit, a new trial will not be required and these convictions will be affirmed. Rankin , 329 Ark. at 401, 948 S.W.2d at 408 ; see also Bell v. State , 324 Ark. 258, 262, 920 S.W.2d 821, 823 (1996).
Affirmed in part; reversed and remanded in part.
Gladwin and Murphy, JJ., agree.

The jury also found McKinney guilty of second-degree endangering the welfare of a minor; however, this conviction was dismissed on the State's motion.

McKinney was sentenced to eighteen years' imprisonment for the delivery-of-methamphetamine conviction plus an enhancement of ten years' imprisonment for committing the crime in proximity to certain facilities (a church) for a total of twenty-eight years.

In this appeal, McKinney does not challenge the sufficiency of the evidence supporting the convictions for delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, and possession of methamphetamine with intent to deliver.

The court also denied the motion for reconsideration or in the alternative to reduce bail, stating that it had thoroughly considered the issue at the October 6, 2016 bond hearing. The court took the motion in limine under advisement. The disposition of these two motions is not in dispute on appeal.

His argument on appeal does not include his motion to compel testing of certain evidence; accordingly, he has abandoned any argument related to this motion.