Cite as 2020 Ark. 113

# SUPREME COURT OF ARKANSAS

No. CR–18–546

| | |
|---|---|
| KWASI MCKINNEY<br><br>PETITIONER<br><br>V.<br><br>STATE OF ARKANSAS<br><br>RESPONDENT | **Opinion Delivered:** March 12, 2020<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS<br>[COLUMBIA COUNTY CIRCUIT COURT, NO. 14CR–16–35]<br><br>PETITION DENIED. |

**ROBIN F. WYNNE, Associate Justice**

Petitioner Kwasi McKinney brings this pro se petition to reinvest jurisdiction in the trial court to allow him to file a petition for writ of error coram nobis in his criminal case. In the petition, McKinney contends that the State withheld material evidence from the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963), by not turning over exculpatory evidence concerning DNA testing and a firearm that was not adequately tested by the State for fingerprints. Withholding evidence from the defense can constitute a ground for coram nobis relief, but McKinney's claim falls short of establishing that there was a *Brady* violation in his case. Accordingly, the petition is denied.

## I. *Nature of the Writ*

The petition for leave to proceed in the trial court is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Newman v. State*, 2009 Ark. 539, 354 S.W.3d 61. A writ

of error coram nobis is an extraordinarily rare remedy. *State v. Larimore*, 341 Ark. 397, 17 S.W.3d 87 (2000). Coram nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Green v. State*, 2016 Ark. 386, 502 S.W.3d 524. The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Roberts v. State*, 2013 Ark. 56, 425 S.W.3d 771.

## II. *Grounds for the Writ*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* A writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Howard v. State*, 2012 Ark. 177, 403 S.W.3d 38.

## III. *Background*

In 2016, a jury found McKinney guilty of multiple drug-related offenses.[1] An aggregate sentence of 1848 months' imprisonment was imposed. In 2018, the Arkansas Court

---

[1]McKinney was found guilty of delivery of methamphetamine, possession of methamphetamine, maintaining a drug premises, simultaneous possession of drugs and a firearm, possession of methamphetamine with intent to deliver, and possession of a firearm by certain persons.

2

of Appeals affirmed McKinney's convictions for delivery and possession of methamphetamine. *McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d 216. The court of appeals reversed and remanded the remaining judgments, holding that the trial court had abused its discretion in denying McKinney's motions to suppress his statement and the search of his house based on untimeliness and that the court abused its discretion in denying his request for a hearing on his motion to suppress his statement. After the remand was completed, the trial court entered orders denying McKinney's motion to suppress statement, his motion to suppress search, and his motion for the trial court to recuse. On appeal, the court of appeals affirmed all three orders. *McKinney v. State*, 2019 Ark. App. 347, 583 S.W.3d 399.

## IV. *Claim of a* Brady *Violation*

To establish a *Brady* violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) that evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. *Howard*, 2012 Ark. 177, 403 S.W.3d 38. The mere fact that a petitioner alleges a *Brady* violation is not sufficient to provide a basis for error coram nobis relief. *Wallace v. State*, 2018 Ark. 164, 545 S.W.3d 767; *see also Penn v. State*, 282 Ark. 571, 670 S.W.2d 426 (1984) (A mere naked allegation that a constitutional right has been invaded will not suffice to warrant coram nobis relief.).

## A. DNA Evidence

McKinney makes the conclusory statement that the State withheld DNA evidence in violation of *Brady* that would have "excluded McKinney." It is not clear whether

3

McKinney is referring to DNA testing not being conducted on the gun, and he does not state the nature of the evidence or offer any indication of its significance to his trial, and there is no support of any kind for the claim that the State withheld DNA evidence. As such, the allegation lacks the requisite factual support to warrant granting the writ. *Alexander v. State*, 2019 Ark. 171, 575 S.W.3d 401. The petitioner seeking to reinvest jurisdiction in the trial court bears the burden of presenting facts to support the claims for the writ because an application for the writ must make a full disclosure of specific facts relied on and not merely state conclusions as to the nature of such facts. *Martinez-Marmol v. State*, 2018 Ark. 145, 544 S.W.3d 49. The fact that certain scientific testing was not performed on an item in evidence does not constitute a showing that the testing was hidden by the State.

## B. Evidence Related to Firearm

The issue of whether McKinney was a felon in possession of a firearm was raised at his trial, and he was found guilty on that count. McKinney asserts that the State failed to properly investigate whether other persons could have been in possession of the gun and that the gun was never tested for latent fingerprints. In short, he argues that the evidence was insufficient to demonstrate that he was indeed guilty of the offense. McKinney's allegation is not within the purview of the writ because the thoroughness of the State's investigation of the evidence adduced in the petitioner's trial and the strength of the State's case against the accused, in general or with respect to a certain aspect, are matters to be addressed at trial. *Jackson v. State*, 2017 Ark. 195, 520 S.W.3d 242. Claims that challenge the sufficiency of the evidence are not cognizable in a petition for writ of error coram nobis. *Grady v. State*, 2017 Ark. 245, 525 S.W.3d 1.

4

McKinney notes that a witness testified for the State that the gun was submitted to the crime laboratory and asserts that the submission sheet that had been submitted to the crime lab with the gun was not "revealed" to him. McKinney asks that the writ be granted so that the gun can be resubmitted to the lab for latent fingerprint testing.

The allegation concerning the submission sheet does not demonstrate a *Brady* violation because there is no showing that the submission sheet was withheld from the defense, how it would have been significant to the defense, or that any prejudice accrued to the defense. It is clear that the defense was aware at the time of trial that McKinney's possession of the gun would be at issue and that the gun could be, or had been, subject to some scientific testing. Questions pertaining to the gun, therefore, could have been settled at the time of trial. It is axiomatic that a coram nobis action does not provide the petitioner with a means to retry his or her case. *Carner v. State*, 2018 Ark. 20, 535 S.W.3d 634.

As stated, the petitioner in a coram nobis proceeding must establish that the judgment being challenged was rendered while there existed some fact that would have prevented its rendition if it had been known to the trial court and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Newman*, 2009 Ark. 539, 354 S.W.3d 61. McKinney has not met that burden.

Petition denied.

HART, J., dissents.

**JOSEPHINE LINKER HART, Justice, dissenting.** I disagree that Mr. McKinney's factual allegations were too "conclusory" for this court to allow him to pursue a writ of error coram nobis. Likewise, I disagree with this court's conclusion that the submission sheet

5

for forensic testing of the firearm in Mr. McKinney's case "could have been settled at the time of trial."

Mr. McKinney was charged with possession of a firearm and simultaneous possession of drugs and a firearm. There was a dispute about whether the firearm in question was possessed by Mr. McKinney or one of two other individuals who were present when the police executed a search of a suspected drug premises. Mr. McKinney cites the trial testimony of Detective Chambers as support for the proposition that the gun could have been possessed by any one of three suspects.

It is not disputed that the firearm was submitted to the state crime lab for forensic testing. As stated in Mr. McKinney's petition, and verified by my review of the record, on October 13, 2016, forty-seven days before trial, his attorney filed a motion to compel forensic testing of the firearm. The State objected. On November 14, 2016, the circuit court denied Mr. McKinney's motion to compel testing as "untimely."[1] Mr. McKinney was tried two weeks later on November 29, 2016, without what he believed was exculpatory evidence.

As the majority correctly notes, to establish a Brady violation, the petitioner must satisfy three elements: (1) the evidence at issue must be favorable to the accused, either because it is exculpatory or because it is impeaching; (2) the evidence must have been suppressed by the State, either willfully or inadvertently; (3) prejudice must have ensued. It is not disputed that the State did not turn over the results of any forensic testing of the firearm. Only four possibilities exist to explain this fact. One, the crime lab failed to test the

---

[1]The circuit court also denied Mr. McKinney's motion to suppress his custodial statement as untimely, but that ruling was reversed by our court of appeals. *McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d 216.

6

gun; two, the crime lab tested the gun and the tests were inconclusive; three the crime lab tested the gun and the tests indicated that Mr. McKinney possessed the gun, but the State decided not to use that evidence; or four, the State refused to release the crime-lab findings because they pointed to a different suspect and thus exonerated Mr. McKinney.

It is difficult to imagine that the State would have failed to introduce inculpatory evidence concerning the issue of who possessed the firearm. I likewise doubt that the testing pointed to a different suspect and the State nefariously acted to deny Mr. McKinney his constitutional rights. Therefore, most likely, the crime lab either failed to test the gun or the test was inconclusive. I decline to accuse the crime lab of refusing to test evidence that was submitted to it. Thus, the most likely result was that the testing was inconclusive. However, if the test was inconclusive, it would nonetheless be a *Brady* violation because it tended to show that McKinney *did not* possess the firearm. Of course, under any of the other scenarios that I have outlined, Mr. McKinney would be entitled to the testing results.[2]

This is not a trivial matter. Mr. McKinney was sentenced to 720 months on the charge of simultaneous possession of drugs and firearms and 144 months for the charge of possession of a firearm by certain persons. Both of these sentences were run consecutive to his other convictions, amounting to nearly half of the 154 years that Mr. McKinney was sentenced to. Prejudice is manifest in this case.

I respectfully dissent.

*Davis Firm, PLLC*, by: *Michael L. Yarbrough*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Adam Jackson*, Ass't Att'y Gen., for appellee.

---

[2]The failure to turn over the requested report raises the presumption that the evidence was adverse to the requesting party.