Cite as 2021 Ark. App. 30

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** CR-20-132

| | | |
|---|---|---|
| ROBERT PENNY | | **Opinion Delivered:** January 27, 2021 |
| | APPELLANT | |
| | | APPEAL FROM THE BAXTER COUNTY CIRCUIT COURT [NO. 03CR-17-446] |
| V. | | |
| | | HONORABLE GORDON WEBB, JUDGE |
| STATE OF ARKANSAS | | |
| | APPELLEE | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

A Baxter County Circuit Court jury found appellant Robert Penny guilty of second-degree criminal mischief and one count of aggravated assault. The circuit court sentenced him to six years' imprisonment on each conviction, to be served consecutively, for a total of twelve years in the Arkansas Department of Correction. The court also fined Penny $10,000 on each of the two charges. The sole issue on appeal is whether the circuit court abused its discretion in ordering that Penny's sentences be served consecutively. Because Penny failed to object to consecutive sentencing, he is barred from doing so for the first time on appeal.

On December 5, 2017, Penny shot his landlord, Chester Hornowski, twenty-two times. Afterwards, he attempted to flee the scene in his truck, almost running over Sgt. Doug Muerer, a patrol officer with the Baxter County Sheriff's Office. Penny admitted to

investigators that he saw the police officers standing there but did not stop for them because he was "stupid" and wanted to talk to his friend.

After nearly running over Sergeant Muerer, Penny's truck hit the hardened surface of a roadway and went airborne, landing on the Baxter County Sheriff's new Chevrolet Tahoe. The repair estimate for the Tahoe was $18,390.95. After the crash, Penny was taken into custody; he waived his *Miranda* rights and gave a statement to officers.

Penny was charged in the Baxter County Circuit Court with first-degree murder, two counts of aggravated assault, and one count of second-degree criminal mischief. On September 18, 2019, a Baxter County jury convicted Penny of aggravated assault and second-degree criminal mischief for the damage to the sheriff's Tahoe. He was acquitted on the second count of aggravated assault. The jury deadlocked on the first-degree murder charge; the court declared a mistrial as to that charge.

The jury recommended a sentence of six years' imprisonment and a $10,000 fine for each conviction and recommended that the terms of imprisonment be served consecutively. The circuit court then ordered that the sentences be run consecutively for a total of twelve years' imprisonment and fined Penny a total of $20,000—$10,000 for each conviction. Penny's counsel did not respond or object.

For his sole point on appeal, Penny argues that the circuit court abused its discretion in ordering that his sentences be served consecutively. In order to preserve an argument for appeal, there must be an objection in the circuit court that is sufficient to apprise that court of the particular error alleged. *Brown v. State*, 326 Ark. 56, 60, 931 S.W.2d 80, 83 (1996). Further, we will not address arguments raised for the first time on appeal. *Id.*, 931 S.W.2d

at 83. Our supreme court has specifically stated that when an appellant did not object to his or her terms of imprisonment being imposed consecutively, the court would not address the argument on appeal. *Id.*, 931 S.W.2d at 83 (citing *Richardson v. State*, 314 Ark. 512, 863 S.W.2d 572 (1993)).

In the instant case, Penny raised no objection to the circuit court's ruling that his sentences were to be run consecutively. The alleged error should have been called to the attention of the circuit court by timely objection or inquiry so that the court could be given the opportunity to correct the error. *See McKinney v. State*, 2018 Ark. App. 10, 538 S.W.3d 216.

Therefore, we hold that Penny's sentencing argument is not preserved for appeal. *Brown*, 326 Ark. at 60, 931 S.W.2d at 83; *Mixon v. State*, 330 Ark. 171, 174, 954 S.W.2d 214, 216 (1997) (holding that in order to preserve a challenge to the circuit court's decision to run sentences consecutively, the appellant must make an objection in circuit court). Accordingly, we affirm the circuit court's decision to run Penny's sentences consecutively.

Affirmed.

VIRDEN and HIXSON, JJ., agree.

*Hancock Law Firm*, by: *Charles D. Hancock*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Jacob H. Jones*, Ass't Att'y Gen., for appellee.