## John Henry CURRY *v.* STATE of Arkansas

CR 75-74                                527 S.W. 2d 902

Opinion delivered September 15, 1975

*McArthur, Lofton & Wilson,* for appellant.

*Jim Guy Tucker,* Atty. Gen., by: *Robert A. Newcombe,* Asst. Atty. Gen., for appellee.

CONLEY BYRD, Justice. A jury convicted appellant John Henry Curry of delivering a controlled substance (marijuana) and fixed his punishment at five years in the penitentiary. For reversal he contends that the evidence was insufficient to sustain the verdict.

The record shows that P. J. Randall, an undercover police officer, casually met appellant in a bar and asked him if he knew where Randall could "cop a lid". When appellant replied that he did, Randall slipped appellant $15 and appellant left on his bicycle. When appellant returned he gave Randall a "lid" of marijuana. Thereafter, the two of them and appellant's girl friend smoked a marijuana cigarette. On cross-examination Randall admitted that he already knew the price of a "lid" and that there was no discussion as to price with the appellant.

Our Controlled Substance Act, Ark. Stat. Ann. § 82-2601(f) [Supp. 1973], provides:

" 'Deliver' or 'delivery' means the actual, construc-

tive, or attempted transfer from one person to another of a controlled substance in exchange for money or anything of value, whether or not there is an agency relationship."

Appellant argues that the foregoing definition does not contemplate a situation, such as here, in which an undercover policeman furnishes the money and induces one to go get a controlled drug. We cannot agree with appellant's contention. See *United States* v. *Pruitt,* 487 F.2d 1241 (8th Cir. 1973). Thus, as we read the definition set out above, it makes no difference, on a motion for directed verdict, whether the transferor acts as an agent of the purchaser or the seller. The act is condemned anytime the transfer is "in exchange for money or anything of value."

Affirmed.