Larry C. CHRISTIAN *v.* STATE of Arkansas

CR 94-293                                        889 S.W.2d 717

Supreme Court of Arkansas
Opinion delivered December 5, 1994

814

*Jeffrey C. Rogers*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Gil Dudley*, Asst. Att'y Gen., for appellee.

DAVID NEWBERN, Justice. The appellant, Larry C. Christian, was convicted and sentenced as an habitual offender to two life imprisonment terms for two counts of delivery of crack cocaine. He contends the Trial Court erred in denying his motion for a directed verdict. He also argues the Trial Court erred in refusing to instruct the jury on justification and agency arising from his claim that he was only facilitating a drug buy by a law enforcement officer. Other points of appeal are that the Trial Court erred in concluding that he had three prior felony convictions and in denying an oral continuance motion. We find no merit in any of these contentions and affirm.

On December 30, 1992, Officer Fred Witherspoon and a confidential informant drove to an area of El Dorado known as the "Thunder Zone" where many illegal drug transactions have

occurred. Larry Christian approached their car and began speaking with the informant, a person with whom he was acquainted. The informant requested $100.00 worth of crack cocaine. Mr. Christian took the money, an act which was videotaped by a camera hidden in the car, and walked away from the car. He returned to the car with a "rock" of crack cocaine which he handed to Officer Witherspoon who then gave Mr. Christian an additional ten dollars.

Officer Witherspoon testified that the next day he and the informant returned and asked Mr. Christian to get them two hundred dollars worth of crack cocaine. Mr. Christian took the money and returned with a larger rock-like substance which turned out to be cocaine. Officer Witherspoon also testified that at no time during these transactions was there any mention of the fact that he was a police officer.

Mr. Christian was charged with two counts of delivery of a controlled substance. Some months later the information was amended by adding an accusation that Mr. Christian was an habitual offender with two prior felony convictions. Still later, on the morning of the trial, the State orally amended the information to allege three prior felony convictions.

### 1. Directed verdict

Mr. Christian testified, but he did not rebut the evidence contained on the videotape of the first drug transaction or the direct testimony of Officer Witherspoon with respect to the second one. He nonetheless contends there was not sufficient evidence of his guilt to have gone to the jury and thus the Trial Court should have granted his motion for directed verdict. He made the motion at the conclusion of the State's case-in-chief and at the end of the evidence he presented, but he failed to renew the motion after the rebuttal testimony presented by the State.

■■ The failure of a defendant to move for a directed verdict at the conclusion of the evidence presented by the prosecution and at the close of the case waives any question pertaining to the sufficiency of the evidence. Ark. R. Crim. P. 36.21(b). *Hayes* v. *State*, 312 Ark. 349, 849 S.W.2d 501 (1993); *Collins* v. *State*, 308 Ark. 536, 826 S.W.2d 231 (1992); *DeWitt* v. *State*, 306 Ark. 559, 815 S.W.2d 942 (1991). Cases in which rebuttal

evidence has been presented by the State and in which we have declined to consider a sufficiency of the evidence argument due to failure to renew a directed verdict motion at the conclusion of the case include *Thomas* v. *State*, 315 Ark. 504, 868 S.W.2d 483 (1994), and *Walker* v. *State*, 240 Ark. 441, 399 S.W.2d 672 (1966). Although we have not previously had before us a case in which the motion was renewed at the conclusion of the defendant's case-in-chief but not after rebuttal evidence, the plain language of the rule requires the latter, and we interpret the rule strictly. *Henry* v. *State*, 309 Ark. 1, 828 S.W.2d 346 (1992). Accordingly, we decline to consider the argument.

## 2. *Instructions*

### a. *Justification*

Mr. Christian argues he was entitled to an instruction based on the defense of justification as provided in Ark. Code Ann. § 5-2-603 (Repl. 1993). The statute provides a defense to one who reasonably believed the accused conduct was required or authorized to assist a public servant in the performance of his or her duty.

The Trial Court denied the instruction on the ground that it was not correct or proper. One reason was the testimony of Mr. Christian. He was asked if he knew prior to the first transaction that Fred Witherspoon was a police officer. He answered, "No, I did not." Later, during the State's cross-examination, Mr. Christian stated it wasn't until later that he "had found out that [his] nunches [concerning the fact that Mr. Witherspoon was a police officer] were right." Mr. Christian also stated that he was trying to accommodate a friend, the informant, and that "it wasn't against the law for me to get him a rock." In a letter written by Mr. Christian while he was in jail, he referred to Officer Witherspoon as the informant's brother.

Neither his own testimony nor any other evidence supported Mr. Christian's claim of justification. His testimony tended, instead, to refute that defense. Thus, it was not error for the Trial Court to refuse to give the instruction. When the evidence does not support the giving of an instruction, it is not error to refuse it. *See Smith* v. *State*, 308 Ark. 603, 826 S.W.2d 256 (1992).

## b. Agency

As to the requested agency instruction, Mr. Christian relies primarily on *Daigger* v. *State*, 268 Ark. 249, 595 S.W.2d 653 (1980). In that case, the evidence showed only that police officers tried to buy LSD from the defendant but could not agree on a price. At that point, the defendant introduced them to a couple from whom the officers did purchase LSD. We held the defendant's conduct could not be considered "delivery" of LSD as contrasted with the facts in *Curry* v. *State*, 258 Ark. 528, 527 S.W.2d 902 (1975), where we held that a defendant who took money and returned with drugs was not erroneously convicted of delivery. We stated that under the definition of "deliver" contained in Ark. Stat. Ann. § 82-2601(f) (Supp. 1973), "it makes no difference, on a motion for directed verdict, whether the transferor acts as an agent of the purchaser or the seller. The act is condemned anytime the transfer is 'in exchange for money or anything of value.'"

The current definition of "deliver," found in Ark. Code Ann. § 5-64-101 (Repl. 1993), is the same in every respect material to this case as in the earlier statute, the later version having added only a reference to delivery of a "counterfeit [drug] substance." We conclude it would not matter if Mr. Christian was Officer Witherspoon's agent. There was no error in refusal of the agency instruction.

## 3. Prior felonies

Mr. Christian contends the Trial Court erred by finding he had been convicted of a felony on three prior occasions. He also argues the Trial Court erred by allowing the State to amend the information to add the allegation of the third prior felony just before his trial and then declining his request for a continuance.

Mr. Christian disputes the use, for habitual offender purposes, of a 1985 conviction for possession of marijuana with the intent to distribute for which he received a sentence of ten years imprisonment and a $10,000 fine. He contends that conviction was not of a felony because the Trial Court which convicted him of that offense found it was an unclassified misdemeanor, and the law of the case doctrine precludes any further consideration of it.

■ The law of the case doctrine would preclude a trial court on remand or this Court on further review from reconsidering earlier decisions made in the case before it. *Washington v. State*, 278 Ark. 5, 643 S.W.2d 255 (1982). It does not, however, preclude this Court from recognizing in this separate case its decision in *Dollar* v. *State*, 287 Ark. 61, 697 S.W.2d 868 (1985), that the offense of possession of marijuana with intent to deliver was, in 1985, a felony.

■ Mr. Christian also disputes the use against him for sentencing purposes of his 1969 conviction of illegal possession of beverages and drugs for which he was sentenced to five years imprisonment, suspended on good behavior, and one year probation. His argument is that he received "court probation" in that case and we held in *English* v. *State*, 274 Ark. 304, 626 S.W.2d 191 (1981), that such a proceeding did not qualify as a conviction for purposes of the habitual offender law.

The *English* case involved a question whether a prior proceeding in which the Trial Court refused to accept the defendant's plea of guilt but placed him on probation without adjudication could be counted as a conviction for purposes of the habitual offender law. The decision there is not applicable here, as in this case the asserted prior conviction involved a finding of guilt and a sentence as noted above. Mr. Christian offers no authority or explanation as to how the prior conviction under consideration in this case was like the "court probation" under consideration in the *English* case. We find the distinction to be obvious.

### 4. Amendment and continuance

A continuance was sought on the basis that counsel for Mr. Christian did not know of the 1969 conviction until informed of it by the prosecution shortly before the trial. He argues it was error to permit the information to be amended to show three convictions rather than two and to refuse his request for a continuance.

■ An information may be amended after the jury has been sworn but prior to submission of the case to the jury as long as the amendment does not change the nature or degree of the crime charged or result in surprise to the accused. *Kilgore* v. *State*, 313 Ark. 198, 852 S.W.2d 810 (1993). As to surprise, we

find it difficult to accept the argument that an accused may be surprised by an amendment alleging an additional felony conviction if evidence later produced supports the allegation. Who but the accused is in a better position to know of his past convictions? Prior to the second amendment, the information alleged two previous felony convictions. According to Ark. Code Ann. § 5-4-501 (1987), that implicated a punishment range predicated upon "more than one (1) but less than four (4)" prior felony convictions. The next range for increased punishment for an habitual offender is "more than four." Thus, the increase in allegations from two to three prior felony convictions did not increase the statutory punishment range and did not result in prejudice sufficient to warrant a new trial. *See Malone* v. *State*, 292 Ark. 243, 729 S.W.2d 167 (1990).

It was not error to allow the complaint to be amended and to refuse the continuance. The denial of a motion for a continuance is within the sound discretion of a trial court, and such a ruling will be reversed only upon a showing of an abuse of discretion. *Kilgore* v. *State, supra; Stone* v. *State*, 290 Ark. 204, 718 S.W.2d 102 (1986). There was no abuse in this instance.

### 4. Rule 4-3(h)

The record has been examined pursuant to Ark. Sup. Ct. R. 4-3(h), and no error has been identified that would warrant reversal.

Affirmed.