Robert Wayne GRADY *v.* STATE of Arkansas

CR 01-1061                                                85 S.W.3d 531

Supreme Court of Arkansas
Opinion delivered September 26, 2002

*Scott Adams*, for appellant.

*Mark Pryor*, Att'y Gen., by: *Kent G. Holt*, Ass't Att'y Gen., for appellee.

R AY THORNTON, Justice. On May 4, 1999, appellant, Robert Wayne Grady, shot his wife, Angela Grady, while she slept in their home. After the shooting, appellant called 911 and confessed to the murder. Appellant then started several fires in their home. Next, appellant went to his brother's house and told his brother that he had killed Angela. Finally, appellant purchased some camping equipment and attempted to flee the jurisdiction.

Appellant was stopped at a roadblock in Perry County and was arrested. He informed law enforcement officials that he had shot his wife. On July 1, 1999, appellant was charged with capital murder.

On July 20, 1999, the Circuit Court of Perry County ordered that appellant undergo a mental evaluation. After an evaluation at the Arkansas State Hospital, it was determined that appellant was unfit to proceed. Specifically, appellant was not able to assist in the preparation of his defense. On February 14, 2000, appellant was committed to the State Hospital for care and treatment until he was restored to fitness.

On July 13, 2000, officials with the Arkansas State Hospital informed the trial court that appellant was restored to fitness and that legal proceedings against him could continue.

On March 19, 2001, appellant's case came to trial. At the close of the State's case, appellant's attorney made a general motion for directed verdict. The trial court denied this motion. During appellant's case-in-chief, he argued that based on a mental disease or defect he was not able to form the requisite intent to commit capital murder. In support of his defense, appellant presented medical testimony. At the conclusion of his case, appellant's attorney renewed his general motion for directed verdict. The trial court again denied the motion. The State then offered additional medical testimony to rebut appellant's affirmative defense. Following the rebuttal testimony, the parties concluded their cases. At the close of the evidence, appellant's motion for directed verdict was not renewed.

After deliberation, the jury rejected appellant's affirmative defense and convicted appellant of capital murder. He was sentenced to life imprisonment without the possibility of parole.

On appeal, appellant seeks to raise only one point for our review. Specifically, appellant argues that the trial court erred when it denied his motion for directed verdict. Rule 33.1 of the Arkansas Rules of Criminal Procedure explains the procedure a criminal defendant must follow when making a proper motion for directed verdict. The rule provides:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution *and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.*

\* \* \*

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. *A renewal at the close of all of the evidence of a previous motion for directed verdict or for dismissal preserves the issue of insufficient evidence for appeal.* If for any reason a motion or a renewed motion at the close of all of the evidence for directed verdict or for dismissal is not ruled upon, it is deemed denied for purposes of obtaining appellate review on the question of the sufficiency of the evidence.

*Id.* (Emphasis added.) We have explained that Rule 33.1 is strictly construed. *Etoch v. State*, 343 Ark. 361, 37 S.W.3d 186 (2001).

As a threshold question, we consider whether the directed-verdict motion made by appellant's attorney preserved for appeal the issue of the sufficiency of the evidence. At the close of the State's case-in-chief, the following colloquy occurred:

> STATE'S ATTORNEY: Your honor, with the admissions of State's exhibits 1 through 26, the State at this time would rest.

> \* \* \*

> THE COURT: Any motions at this time?

> DEFENSE ATTORNEY: No, sir.

> THE COURT: Okay.

> STATE'S ATTORNEY: Well, hang on.

> DEFENSE ATTORNEY: Your honor, at this time—

> STATE'S ATTORNEY: No, wait a minute.

> DEFENSE ATTORNEY: Oh, I'm sorry. I was going to make one.

THE COURT: You make your motion for a directed verdict and I'll deny it.

DEFENSE ATTORNEY: All right. I'll make a motion.

THE COURT: Are you ready?

DEFENSE ATTORNEY: Yes.

THE COURT: All right. Call your first witness.

This exchange was followed by the colloquy, which occurred at the close of appellant's case:

DEFENSE ATTORNEY: Nothing further.

STATE'S ATTORNEY: Nothing further.

* * *

DEFENSE ATTORNEY: Your honor, I want to renew my motion.

THE COURT: We understand you're now going to rest?

DEFENSE ATTORNEY: Yes, sir.

THE COURT: You can do it on the record.

DEFENSE ATTORNEY: Subject to rebuttal.

THE COURT: And if you'll renew your motion.

DEFENSE ATTORNEY: Yes, I do renew my motions.

THE COURT: That motion is denied again. Okay.

Finally, at the close of the State's rebuttal, the following colloquy occurred:

STATE'S ATTORNEY: And, your honor, that's all that we have for rebuttal. Thank you doctors.

THE COURT: Any sur-rebuttal?

DEFENSE ATTORNEY: No, sir.

THE COURT: All right.

* * *

THE COURT: All right. Ladies and gentlemen, it is now my duty to instruct you on the law as it applies to the facts in this particular case.

After reviewing the various exchanges between the parties, we conclude that appellant's attorney failed to properly preserve appellant's directed-verdict motion for appellate review. First, appellant's attorney failed to raise a specific directed-verdict motion. We have explained that in order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict that advises the trial court of the exact element of the crime that the State has failed to prove. *Beavers v. State*, 345 Ark. 291, 46 S.W.3d 532 (2001) (*citing Conner v. State*, 334 Ark. 457, 982 S.W.2d 655 (1998)). We have also explained that the reason underlying our requirement that specific grounds be stated and that the absent proof be pinpointed is that it allows the trial court the option of either granting the motion, or, if justice requires, may allow the State to reopen its case and supply the missing proof. *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997). Finally, we have held that a general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Beavers, supra.*

In the case now before us, appellant's attorney did not identify a specific element of the crime which he claimed the State failed to prove, but merely responded to the trial court's prodding and stated "[A]ll right. I'll make a motion [for directed verdict]." This motion does not assert a specific flaw in the State's case. This general motion was renewed after appellant's case-in-chief. In this renewed motion, appellant's attorney did not assert that the evidence clearly established appellant's affirmative defense, but rather simply stated "[Y]es, I do renew my motions." Appellant's motion for directed verdict did not comply with Rule 33.1, because the motion was general and did not inform the trial court of the specific issues in the State's case that were being challenged. For that reason, the issue is not preserved for appeal.

Additionally, our rules prohibit our review of appellant's sufficiency argument because his attorney failed to renew

the directed verdict motion at the close of all of the evidence. We have explained that the language in Rule 33.1 is stated in the conjunctive, clearly requiring that a motion for directed verdict be made at the close of the State's case and again at the close of all of the evidence. *See Thomas v. State*, 315 Ark. 504, 868 S.W.2d 483 (1994). We have also explained that the failure to challenge the sufficiency of the evidence at both the close of the State's case and the close of all of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict on appeal. *Proctor v. State*, 349 Ark. 648, 79 S.W.3d 370 (2002).

In *Christian v. State*, 318 Ark. 813, 889 S.W.2d 717 (1994), we declined to address appellant's sufficiency argument when his attorney failed to renew his motion for directed verdict after the State presented rebuttal evidence. We explained:

> Although we have not previously had before us a case in which the motion was renewed at the conclusion of the defendant's case-in-chief but not after rebuttal evidence, the plain language of the rule requires the latter, and we interpret the rule strictly. Accordingly, we decline to consider the argument.

*Id.* (Internal citations omitted.)

The case *sub judice* is on all fours with *Christian, supra*. Appellant's attorney made a motion for directed verdict at the close of the State's case-in-chief and renewed this motion at the close of his case-in-chief. The State then presented a rebuttal to appellant's case. At the close of the State's rebuttal, which was "the close of all of the evidence," appellant's attorney failed to renew his motion for directed verdict. This failure precludes appellate review.

Because appellant's motion for directed verdict did not comply with the requirements of Rule 33.1, and because we require a strict interpretation of that rule, we conclude that we cannot consider appellant's sufficiency argument on appeal.

*4-3(h) Review*

In compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no error has been found.

Affirmed.