Levester GILLARD *v.* STATE of Arkansas

CR 07-646                                                    270 S.W.3d 836

Supreme Court of Arkansas
Opinion delivered January 10, 2008

*Garland County Public Defender*, by: *Timothy Beckham*, Deputy Public Defender, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Nicana C. Sherman*, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. This appeal arises from an order convicting Appellant Levester Gillard of rape, a Class Y felony and a violation Ark. Code Ann. § 5-14-103 (Supp. 2003), and kidnapping, a Class Y felony and a violation of Ark. Code Ann. § 5-64-101 (Repl. 1997). For these convictions, Appellant was sentenced to life imprisonment in the Arkansas Department of Correction on both counts. Appellant brings his appeal from this order and argues that the convictions were not supported by substantial evidence. We affirm.

On October 28, 2000, the victim, Lyndsey Johnson, reported to the Garland County Sheriff's Department that, while waiting for a friend and sitting in a car at BJ's Convenient Store on Airport Road, a black male approached her and held her at gunpoint, demanding that she get into his truck. He drove the vehicle down a road and under a long narrow bridge near Timberlake Road. At that time, he forced her to partially disrobe and attempted to have sexual intercourse with her. He could not penetrate her, so he forced her to perform oral sex on him. He left her at the scene, and she was able to get a ride from a passerby. She was taken to the emergency room at St. Joseph's Hospital where a rape kit was performed. The kit was sent to the Arkansas Crime Lab for analysis.

On December 16, 2004, the crime lab notified officials in Howard County that the DNA taken from the rape kit matched Appellant's DNA, which was already in the database. Based upon this information, a search warrant was executed at the Howard County Sheriff's Department where Appellant was being held. Oral swabs of Appellant were taken. On May 26, 2005, an investigator received a lab analysis that the DNA samples taken from the victim matched those taken from Appellant.

On June 2, 2005, the State filed a felony information charging Appellant with one count of kidnapping and one count of rape. A jury trial was held on January 31, 2007. At trial, the victim testified that Appellant forced her out of the car, took her to a location under a bridge, attempted to rape her vaginally, and forced her to perform oral sex. She also testified that a rape kit was

performed at a local hospital where she was taken, and when she went to the police station, she was unable to identify the man from among the pictures that were shown to her. At trial, however, the victim identified Appellant as the perpetrator.

Marsha Albritton, a nurse at St. Joseph Hospital, testified that she gathered and labeled the evidence obtained from the rape kit. Danny Wilson, a criminal investigator for the Garland County Sheriff's Department, testified that he met the victim at the hospital, received the examination kit in a sealed box, and took it back to the Sheriff's Department, where it was placed in a refrigerator. Wilson further testified that he developed Appellant, whom he located in Howard County, as a suspect, and obtained a search warrant to gather DNA from Appellant.

Melissa Myhand, an expert in the field of forensic biology, examined the items from the kit, including the oral swabs from the victim, and based upon her analysis, prepared a report. She testified that the DNA originated from Appellant "within all scientific certainty." She further added that one in forty-two quadrillion would obtain the exact profile that she obtained from Appellant.

After the jury trial, Appellant was convicted of both counts and was sentenced to life imprisonment on each count to run consecutively. A judgment and commitment order was filed on February 6, 2007, and an amended judgment and commitment order was filed on March 21, 2007, to reflect his status as a habitual offender. Appellant timely filed his notice of appeal on March 21, 2007. Appellant now appeals the judgment and sentence.

For his sole point on appeal, Appellant argues that there was insufficient evidence to support Appellant's convictions. Specifically, Appellant contends that the DNA evidence was improperly collected, stored, and analyzed. Appellant further asserts that his conviction is based upon unreliable and uncorroborated DNA evidence, which was insufficient to support his kidnapping and rape convictions. In response, the State argues that Appellant's challenge is barred. In the alternative, the State maintains that there was substantial evidence at trial to support Appellant's convictions for kidnapping and rape.

Our standard of review for a sufficiency challenge is well settled. We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Navarro v. State*, 371 Ark. 179, 264 S.W.3d 530 (2007). We have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence

in a light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

We first address the State's preservation argument. In order to preserve for appeal the issue of the sufficiency of the evidence, a defendant must first raise the issue to the trial court as provided in Ark. R. Crim. P. 33.1. Rule 33.1(a) provides that, in a jury trial, a defendant must challenge sufficiency by a specific motion for directed verdict at the close of the evidence offered by the prosecution and at the close of all of the evidence. A defendant's failure to raise the issue at the times and in the manner required by the rule will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the judgment. Ark. R. Crim. P. 33.1(c).

A motion for directed verdict is inadequate if it states "that the evidence is insufficient [and] does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense." Ark. R. Crim. P. 33.1(c); *Smith v. State*, 367 Ark. 274, 239 S.W.3d 494 (2006). The motion must specifically advise the trial court as to how the evidence was deficient. *Id.* (citing *Nelson v. State*, 365 Ark. 314, 229 S.W.3d 35 (2006); *Pyle v. State*, 340 Ark. 53, 8 S.W.3d 491 (2000)). The reason underlying this requirement that specific grounds be stated and that the absent proof be pinpointed is that it allows the circuit court the option of either granting the motion, or, if justice requires, allowing the State to reopen its case to supply the missing proof. *Id.* (citing *Webb v. State*, 327 Ark. 51, 938 S.W.2d 806 (1997)). We will not address the merits of an appellant's insufficiency argument where the directed-verdict motion is not specific. *See Newman v. State*, 353 Ark. 258, 106 S.W.3d 438 (2003).

In the present case, Appellant made the following motion for directed verdict after the State rested:

> MR. BECKHAM: Your Honor, we would move for a directed verdict with regard to count one. The State has failed to prove its burden that the Defendant, Levester Gillard, restrained without consent Lyndsey Johnson with the purpose of committing sexual intercourse or deviant sexual activity.

> Secondly, with regard to count two, the State has failed to prove that Levester Gillard engaged in sexual intercourse or sexual activity with Lyndsey Johnson by forcible compulsion.

THE COURT: Okay. And those motions are denied.

After the close of Appellant's case, Appellant renewed his motion for directed verdict during the following colloquy:

> MR. BECKHAM: Your Honor, we would renew our directed verdict motions on the same grounds —

> THE COURT: We're gonna wait 'til we go in chambers.

> MR. BECKHAM: Yes, sir.

> . . . .

> MR. BECKHAM: Defense would renew its directed verdict motion as cited during the close of the State's case, for the same grounds.

> THE COURT: Motions to dismiss for insufficient evidence are denied.

Here, Appellant's motion for directed verdict does not specifically reflect that Appellant's convictions were based upon unreliable or uncorroborated DNA evidence. Rather, Appellant generally argued that the State was unable to prove the elements of the kidnapping and rape charges. Our case law has established that Rule 33.1 must be strictly construed. *Pratt v. State*, 359 Ark. 16, 194 S.W.3d 183 (2004). A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Grady v. State*, 350 Ark. 160, 85 S.W.3d 531 (2002). Based upon our review, we conclude that Appellant's directed-verdict motion was non-specific. Therefore, we will not address Appellant's sufficiency-of-the-evidence argument on appeal. Accordingly, we affirm the circuit court's denial of Appellant's motion for directed verdict.

Further, we note that, under certain circumstances, we considered arguments that were not preserved in *Engram v. State*, 341 Ark. 196, 15 S.W.3d 678 (2000). However, we considered

Engram's argument regarding DNA evidence because the appeal involved a sentence of death. *Id.* at 201, 15 S.W.3d at 680. Here, Appellant was sentenced to life imprisonment, and for that reason, we decline to address the merits of Appellant's argument on appeal.

Pursuant to Ark. Sup. Ct. R. 4-3(h) (2007), the record in this case has been reviewed for all objections, motions, and requests made by either party, which were decided adversely to Appellant, and no prejudicial error has been found. *See, e.g., Bell v. State*, 371 Ark. 375, 266 S.W.3d 696 (2007).

Affirmed.