
SLIP OPINION

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR-13-425

| | |
|---|---|
| | **Opinion Delivered** February 19, 2014 |
| DEMARCUS RAYFIELD | APPEAL FROM THE MILLER |
| APPELLANT | COUNTY CIRCUIT COURT [NO. CR-12-362] |
| V. | |
| | HONORABLE KIRK JOHNSON, |
| STATE OF ARKANSAS | JUDGE |
| APPELLEE | |
| | AFFIRMED |

## BILL H. WALMSLEY, Judge

Appellant Demarcus Rayfield appeals his convictions for robbery and aggravated residential burglary. He argues that these convictions were not supported by sufficient evidence. We affirm.

After a jury trial, appellant was convicted of rape, aggravated assault, kidnapping, robbery, and aggravated residential burglary. On appeal, he argues that there was insufficient evidence to support the robbery conviction because the State failed to prove that he acted with the intention of committing a theft. Regarding his conviction for aggravated residential burglary, appellant contends that the State failed to prove that he entered the victim's home illegally or that he intended to commit an offense punishable by imprisonment at the time he entered the home.

We have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the State and consider only the



evidence that supports the verdict. *Gillard v. State*, 372 Ark. 98, 270 S.W.3d 836 (2008). We

affirm a conviction if substantial evidence exists to support it. *Id.*

While not raised by the State, appellant's sufficiency arguments were not preserved

under our rules of criminal procedure. Arkansas Rule of Criminal Procedure 33.1 provides

in pertinent part:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.
> . . . .
> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense. . . .

Our supreme court has held that Rule 33.1 is to be strictly construed. *Carey v. State*,

365 Ark. 379, 230 S.W.3d 553 (2006). In order to preserve a challenge to the sufficiency of

the evidence, an appellant must make a specific motion for a directed verdict, both at the close

of the State's case and at the end of all the evidence, that advises the trial court of the exact

element of the crime that the State has failed to prove. *Id.* The reason underlying the

requirement that specific grounds be stated and that the absent proof be pinpointed is that it

allows the circuit court the option of either granting the motion or, if justice requires,

allowing the State to reopen its case and supply the missing proof. *Id.* A general motion that

merely asserts that the State has failed to prove its case is inadequate to preserve the issue for

appeal. *Id.* The motion must specifically advise the trial court as to how the evidence was

2

 

deficient.  *Gillard, supra.*

After the State rested, appellant[1] made the following motion for directed verdict as to the robbery charge:

> Now, on count four, robbery, I think that's kinda questionable too, Your Honor, robbery over a cell phone and reading glasses, if they were took.  Demarcus Rayfield is charged with the offense of robbery.  To sustain this charge the State must prove beyond a reasonable doubt that with the purpose of committing a theft or resisting apprehension immediately thereafter, Demarcus Rayfield, acting alone or as an accomplice, employed or threatened to immediately employ physical force upon another person, namely Latoya Best.  There was no evidence, Your Honor, that was brought forward that proves that or even gives probable cause that that happened.

Appellant's directed-verdict motion for the charge of aggravated residential burglary was as follows:

> Now, count six, count six, aggravated residential burglary, Your Honor.  Demarcus Rayfield is charged with the offense of aggravated residential burglary.  To sustain this charge the State must prove the following things beyond a reasonable doubt: That Demarcus Rayfield, acting alone or as an accomplice, entered or remained unlawfully in a residential . . . occupiable structure of Latoya Best, and second, that Demarcus Rayfield, acting alone or as an accomplice, did so with the purpose of committing in the residentially occupiable structure any offense punishable by imprisonment; and third, that Demarcus Rayfield, acting alone or as an accomplice, inflicted or attempted to inflict death or serious physical injury upon another person, namely Latoya Best.  Your Honor, that is count six.  Now all of these charges, there was no evidence to my knowledge, and I'm sure to everyone else's too, that was brought forth that proves that or gives probable cause, Your Honor.  I mean we can see that the Prosecuting Attorneys really put it on strongly when they presented all these charges.  No evidence was brought forth other than hearsay and other quite irrelevant small things that didn't even get sent off to be tested.  I mean it's no evidence is what I'm saying, Your Honor.

Appellant's motions were only general assertions that the State had failed to prove the

---

[1]Appellant represented himself at trial with the assistance of two attorneys appointed to act as standby counsel.

elements of these offenses. His motions did not specify the respect in which the evidence was deficient. In *Gillard*, the appellant made similar motions in which he merely recited the elements of the offenses. 372 Ark. at 102, 270 S.W.3d at 839. The supreme court concluded that the motions were non-specific and refused to address the sufficiency arguments on appeal. *Id.* Here, we conclude that appellant's motions were non-specific and did not comply with Rule 33.1. Thus, appellant failed to preserve his arguments for appeal, and we affirm.

Affirmed.

GRUBER and GLOVER, JJ., agree.

*Phillip A. McGough, P.A.*, by: *Phillip A. McGough*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Jake H. Jones*, Ass't Att'y Gen., for appellee.