SLIP OPINION

Cite as 2015 Ark. App. 40

# ARKANSAS COURT OF APPEALS

DIVISION II
No. CR–14–396

| | |
|---|---|
| SEBASTIAN TODD BROWN<br>APPELLANT | **Opinion Delivered** January 28, 2015 |
| V. | APPEAL FROM THE POLK<br>COUNTY CIRCUIT COURT<br>[NO. CR–13–103] |
| | HONORABLE J.W. LOONEY, JUDGE |
| STATE OF ARKANSAS<br>APPELLEE | AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

Appellant Sebastian Brown was charged with one count of rape and one count of second-degree sexual assault. A Polk County jury convicted him of both counts and sentenced him to twenty-five years' imprisonment on the rape count and twenty years on the sexual-assault count, to be served concurrently. Brown's sole point on appeal is that there was insufficient evidence to support his convictions. Because his arguments are not preserved for appellate review, we affirm without reaching the merits.

The charges against Brown stemmed from accusations that, at the age of twenty-three, he engaged in sexual intercourse and sexual contact with a person under the age of fourteen. The evidence against Brown came from several sources: the victim, law enforcement, the Arkansas State Crime Lab, a health professional, and Brown himself. The victim testified that Brown came into her bedroom one night and began touching her and removed her clothes.

She explained that Brown's penis went inside her vagina. The victim was thirteen years old at the time.

Law enforcement collected the underwear that the victim had been wearing the night of the incident and submitted it to the Crime Lab. A forensic serologist from the Crime Lab found a stain in the inner crotch area of the underwear consistent with genetic material coming out of a female's body; the stain tested positive for spermatozoa. Subsequent DNA analysis of the material recovered from the underwear showed that the DNA was consistent with Brown's DNA and that 99.92% of unrelated Caucasian individuals would be excluded from having that DNA profile. Mary Jo Selig, a registered nurse who specializes in sexual assault, examined the victim within a few days of the incident. The exam revealed a deep notch in the victim's hymen. Those findings were consistent with the victim's revelation that she had engaged in sexual intercourse.

Finally, Brown was interviewed by police shortly after the incident. He admitted that he touched the victim's buttocks and that he penetrated her vagina with his penis, although he said it was "just a little bit." Brown reiterated this admission during trial. On cross-examination, he conceded that "there was contact made" with the victim's vagina and that his penis went into her vagina.

On appeal, Brown challenges the evidence as being inconclusive. He makes specific arguments that the DNA evidence did not directly point to him, that Selig's testimony did not specifically indicate that there was penetration, and that "all aggressive steps were taken

by the victim." These specific arguments, however, were not raised below. At trial, Brown

moved generically for a directed verdict as follows:

> Your Honor, I want to make a motion for a directed verdict. The State hasn't established all of the elements of the offense that the Defendant engaged in sexual intercourse or deviate sexual activity with another person less than fourteen years of age in Count 1, and Count 2, the State hasn't established all of the elements of assault in the second degree being eighteen years of age or older engage in sexual contact with another person who was less than fourteen years of age and not his spouse.

At the conclusion of the trial, Brown renewed his motion:

> Your Honor, I renew my motion on asking for a directed—first of all, I'm going to change that. I'd like to make a motion for a directed verdict based upon insufficiency of the evidence in that the Defendant engaged in sexual intercourse or deviate sexual activity with another person less than fourteen years of age.

> And, I renew the motion on sexual assault. The State hasn't met all of the burden on proving being over eighteen and engaged in sexual contact with another person less than fourteen years of age and not his spouse.

The procedure for making a motion for directed verdict is set forth in Arkansas Rule

of Criminal Procedure 33.1. This rule provides, in pertinent part, as follows:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.

> . . . .

> (c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required . . . above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to a specific deficiency such as insufficient proof on the elements of the offense.

SLIP OPINION

Our supreme court has held that Rule 33.1 is to be strictly construed. *Carey v. State*, 365 Ark. 379, 230 S.W.3d 553 (2006). In order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict, both at the close of the State's case and at the end of all the evidence. The motion must advise the trial court of the exact element of the crime that the State has failed to prove. *Id.* The reason underlying the requirement that specific grounds be stated and that the absent proof be pinpointed is that it allows the circuit court the option of either granting the motion or, if justice requires, allowing the State to reopen its case and supply the missing proof. *Id.* A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Id.* The motion must specifically advise the trial court as to how the evidence was deficient. *Gillard v. State*, 372 Ark. 98, 270 S.W.3d 836 (2008). "A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal." *Id.* at 102, 270 S.W.3d at 839.

We conclude that, at trial, Brown generally and non-specifically argued that the State was unable to prove the elements of rape and second-degree sexual assault. On appeal, he specifically argues that the evidence and testimony presented at trial was inconclusive: he challenges the method by which the victim's clothing and DNA samples were obtained; he takes issue with the victim's testimony describing the events in question; and he questions the statistical significance of the DNA evidence. None of these arguments, however, were presented during his directed-verdict motion. His arguments on appeal are thus not preserved for this court's review, and we will therefore not address Brown's sufficiency argument on

appeal. Accordingly, we affirm the circuit court's denial of Brown's motion for directed verdict.

Affirmed.

VAUGHT and HOOFMAN, JJ., agree.

*Randy Rainwater*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., and *Trae Norton*, Law Student Admitted to Practice Pursuant to Rule XV of the Rules Governing Admission to the Bar of the Supreme Court under the supervision of *Darnisa Evans Johnson*, for appellee.