

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CR–14–257

| | |
|---|---|
| CHRISTOPHER S. GRADY<br>APPELLANT | **Opinion Delivered** February 4, 2015 |
| V. | APPEAL FROM THE JACKSON COUNTY CIRCUIT COURT<br>[NO. CR–12–116] |
| STATE OF ARKANSAS<br>APPELLEE | HONORABLE HAROLD S. ERWIN, JUDGE |
| | AFFIRMED |

## RAYMOND R. ABRAMSON, Judge

Christopher S. Grady appeals his convictions of unlawful use of a communication device and delivery of a controlled substance (cocaine). Following his jury trial in Jackson County, he was sentenced to a term of thirty-three years' imprisonment in the Arkansas Department of Correction, which included a ten-year-sentence enhancement for committing the offense within 1,000 feet of public housing. On appeal, Grady contends that there was insufficient evidence to support his convictions and that the circuit court erred by sentencing him to an enhanced prison sentence because the State failed to prove beyond a reasonable doubt the elements required for the enhancement. Because his arguments are not preserved for appellate review, we affirm without reaching the merits.

In 2009, the Drug Enforcement Administration (DEA) and the Jackson County Sheriff's Office conducted an undercover investigation targeting multiple individuals, including the appellant, who were suspected of selling cocaine. On October 21, 2009, the DEA and the

Jackson County Sheriff's Office instructed a confidential informant to buy a half-ounce of crack cocaine from Grady. The informant received $800 from the DEA to make the purchase at a local apartment complex. He entered the apartment and returned with 9.6 grams of crack cocaine — 4.4 grams short of the requested half-ounce. The DEA then instructed the informant to make arrangements to pick up the remaining 4.4 grams. Again, he called and subsequently met with Grady to purchase the drugs. The call was recorded, and the exchange was taped. Both were played for the jury. The informant bought another 3.5 grams from Grady and was instructed to try to make other arrangements to get the remaining gram requested, but the call was not answered. Grady was charged on August 3, 2012.

At trial, Sheriff David Lucas, DEA Special Agent Randy Harness, confidential informant DeAngelo Denton, DEA investigative assistant Darren Gaine, and Lieutenant Ricky Morales of the Jackson County Sheriff's Office all testified for the State. At the conclusion of the State's case, Grady's counsel moved for a directed verdict, stating,

> Your Honor, at this time I would like to move for a directed verdict. The State has failed to prove each element of the offense. Specifically, they failed to prove that Mr. Grady possessed or delivered a schedule 1 or 2 narcotic. They failed to show that he, in fact, used a communication device in so doing or committing the other crime.

The circuit court denied the motion, and at the close of appellant's case-in-chief, Grady's counsel did not renew the motion as required by Arkansas Rule of Criminal Procedure 33.1. Arkansas Rule of Criminal Procedure 33.1 provides in pertinent part:

> (a) In a jury trial, if a motion for directed verdict is to be made, it shall be made at the close of the evidence offered by the prosecution and at the close of all of the evidence. A motion for directed verdict shall state the specific grounds therefor.

. . . .

(c) The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsections (a) and (b) above will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict or judgment. A motion for directed verdict or for dismissal based on insufficiency of the   evidence must specify the respect in which the evidence is deficient. A motion merely stating that the evidence is insufficient does not preserve for appeal issues relating to  a specific deficiency such as insufficient proof on the elements of the offense.

Our supreme court has held that Rule 33.1 is to be strictly construed. *Carey v. State*, 365 Ark. 379, 230 S.W.3d 553 (2006). In order to preserve a challenge to the sufficiency of the evidence, an appellant must make a specific motion for a directed verdict, both at the close of the State's case and at the end of all the evidence that advises the trial court of the exact element of the crime that the State has failed to prove. *Id*. The reason underlying the requirement that specific grounds be stated and that the absent proof be pinpointed is that it allows the circuit court the option of either granting the motion or, if justice requires, allowing the State to reopen its case and supply the missing proof. *Id*.

A general motion that merely asserts that the State has failed to prove its case is inadequate to preserve the issue for appeal. *Id*. The motion must specifically advise the trial court as to how the evidence was deficient. *Gillard v. State*, 372 Ark. 98, 270 S.W.3d 836 (2008). This court has repeatedly held that, without a specific motion at both the close of the State's case and again at the close of all the evidence, the arguments are not preserved for appeal. Moreover, we will not address the merits of an appellant's insufficiency argument where the directed-verdict motion is not specific. *Id*. at 101, 270 S.W.3d at 839.

Here, we conclude that while Grady moved for a directed verdict at the close of the State's case, the motion was nonspecific and did not comply with Rule 33.1. Further, he failed to renew the motion at the "close of all of the evidence" as required by Rule 33.1(a) and (c). Therefore, these arguments have not been preserved for this court's review. Accordingly, we affirm Grady's convictions and sentence enhancement.

Affirmed.

HARRISON and GLOVER, JJ., agree.

*Flinn Law Firm, P.A.*, by: *Jennifer Williams Flinn*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Lauren Elizabeth Heil*, Ass't Att'y Gen., for appellee.