Cite as 2016 Ark. App. 177



# ARKANSAS COURT OF APPEALS

DIVISION III
**No.** CR–15–337

| | |
|---|---|
| AMY LEE BALLINGER<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** March 16, 2016<br><br>APPEAL FROM THE ASHLEY COUNTY CIRCUIT COURT [NO. CR-13-177-1]<br><br>HONORABLE JOHN LANGSTON, JUDGE<br><br>AFFIRMED |

**WAYMOND M. BROWN, Judge**

An Ashley County jury found appellant Amy Lee Ballinger guilty of theft of property, for which she was sentenced to sixty days in the county jail and placed on five years' probation. Appellant was also fined $1.00 and ordered to pay $20,000.00 in restitution. On appeal, she argues that the evidence was insufficient to support her conviction. More specifically, she argues that the State failed to prove how she "deceived" the victims or that she did so "knowingly with the purpose to deprive." Because appellant did not preserve this argument for appeal, we affirm.

This court has consistently held that Arkansas Rule of Criminal Procedure 33.1 requires that an appellant move for a directed verdict at the close of the State's evidence and again at the close of all of the evidence, and that the failure to do so waives a challenge to

the sufficiency of the evidence on appeal.[1]  In *King v. State*,[2] we specifically held that the failure to renew a motion for directed verdict after the close of the State's rebuttal testimony waived the issue of sufficiency of the evidence.  At trial, appellant made a motion for directed verdict at the end of the State's case and at the end of the defense's case-in-chief; however, appellant failed to renew her motion at the close of the State's rebuttal testimony.  We hold that appellant failed to preserve the question of sufficiency of the evidence by failing to properly renew the motion for directed verdict after the State's rebuttal testimony.  Accordingly, we affirm.

Affirmed.

HIXSON, J., agrees.

VIRDEN, J., concurs.

*Law Office of Kathryn L. Hudson*, by: *Kathryn L. Hudson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *David R. Raupp*, Ass't Att'y Gen., for appellee.

---

[1] *See, e.g., Davis v. State*, 2009 Ark. 478, 348 S.W.3d 553; *Flowers v. State*, 362 Ark. 193, 202, 208 S.W.3d 113, 121 (2005); *Romes v. State*, 356 Ark. 26, 144 S.W.3d 750 (2004); *Doss v. State*, 351 Ark. 667, 97 S.W.3d 413 (2003); *Pyle v. State,* 340 Ark. 53, 8 S.W.3d 491 (2000).

[2] 338 Ark. 591, 999 S.W.2d 183 (1999).