

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR–15–1047

| | |
|---|---|
| DAMION RAYNELL BROWN<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** September 7, 2016<br><br>APPEAL FROM THE CHICOT COUNTY CIRCUIT COURT<br>[NO. CR2014-94-1]<br><br>HONORABLE SAM POPE, JUDGE<br><br>AFFIRMED |

**PHILLIP T. WHITEAKER, Judge**

A Chicot County jury found appellant Damion Raynell Brown guilty of two counts of second-degree unlawful firearm discharge and of being a felon in possession of a firearm.[1] He was sentenced to ten years in the Arkansas Department of Correction on each firearm-discharge count and five years' incarceration on the unlawful-possession-of-a-firearm count, to be served concurrently. On appeal, he argues that the evidence was insufficient to support his convictions on all three counts. Because Brown did not preserve these arguments for appeal, we affirm.

This court has consistently held that Arkansas Rule of Criminal Procedure 33.1 requires that an appellant move for a directed verdict at the close of the State's evidence and again at the close of all of the evidence, and that the failure to do so waives a challenge to the sufficiency of the evidence on appeal. *Ballinger v. State*, 2016 Ark. App. 177, 486 S.W.3d 239.

---

[1] A third count of second-degree unlawful firearm discharge was nolle prossed prior to trial.

In *King v. State*, 338 Ark. 591, 999 S.W.2d 183 (1999), our supreme court specifically held that the failure to renew a motion for directed verdict after the close of the State's rebuttal testimony waives the issue of sufficiency of the evidence. At trial, Brown moved for a directed verdict at the end of the State's case and at the end of the defense's case-in-chief; however, he failed to renew his motion at the close of all the evidence. Thus, we hold that Brown failed to preserve the question of the sufficiency of the evidence by failing to properly renew his motion for directed verdict after the State's rebuttal testimony. Accordingly, we affirm.

KINARD and HIXSON, JJ., agree.

*Wilson Law Firm, P.A.*, by: *E. Dion Wilson*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Rebecca Kane*, Ass't Att'y Gen., for appellee.