

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CR–16–239

GURAL FOSTER

APPELLANT

V.

STATE OF ARKANSAS

APPELLEE

**Opinion Delivered:** October 5, 2016

APPEAL FROM THE LONOKE
COUNTY CIRCUIT COURT
[NO. 43CR–2015–86]

HONORABLE BARBARA ELMORE,
JUDGE

AFFIRMED

## BART F. VIRDEN, Judge

Appellant Gural Foster was convicted in the Lonoke District Court of driving while intoxicated (DWI), refusal to submit, driving with expired tags, and careless driving. He appealed to the Lonoke County Circuit Court and was convicted of all offenses, except careless driving. On appeal to this court, Foster argues that the evidence was insufficient to prove that he committed the offenses of DWI and refusal to submit. We affirm.

### I.    *Background*

On July 5, 2014, at approximately 11:10 a.m., Sergeant Brad Lann of the Arkansas State Police responded to a report of careless driving. When Lann encountered the van involved in the report, it was parked on the side of the road. Foster was behind the wheel trying to start the vehicle. Lann smelled a strong odor of intoxicants coming from inside the van. Foster admitted drinking a beer for breakfast that morning. Lann noticed that Foster's speech was thick and raspy and that his eyes were watery and bloodshot. Lann administered

the horizontal-gaze-nystagmus (HGN) test, and Foster exhibited six out of six clues that tend to show intoxication.

At the county jail, Foster agreed to take a breathalyzer and signed the consent form. Lann attempted to get a reading twelve times, but only two samples were obtained. Those samples, however, could not be used because they were not obtained consecutively, which Lann testified was required by the new machine.

Foster testified that he could not perform the HGN because he was facing the sun. Also, he claimed to have a disabling physical condition. Foster stated that he had blown as hard as he could into the breathalyzer for as long as he could but that he "did not have the voice" to give a sample.

## II.    *Discussion*

Foster made no motion to dismiss during his bench trial. Arkansas Rule of Criminal Procedure 33.1(b) provides that, in a nonjury trial, if a motion for dismissal is to be made, it shall be made at the close of all the evidence. The failure of a defendant to challenge the sufficiency of the evidence at the times and in the manner required in subsection (b) will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the verdict. Ark. R. Crim. P. 33.1(c). The rule is strictly interpreted. *Christian v. State*, 318 Ark. 813, 889 S.W.2d 717 (1994).

In a footnote on the first page of his argument, Foster admits that no motion to dismiss was made; nevertheless, he asserts that "this rule is procedural and not jurisdictional. Therefore, the court could choose to reach the issue of sufficiency in this case."

Foster's footnote is unclear. He cites no authority and makes no convincing argument for why this court could choose to reach the sufficiency here. *Lacy v. State*, 355 Ark. 625, 144 S.W.3d 267 (2004) (refusing to consider issue where no convincing argument or citation to authority is provided). A defendant's claim that the evidence was insufficient to support his convictions in a bench-trial proceeding is not preserved for appellate review where he failed to make a motion for dismissal at the close of the evidence. *McClina v. State*, 354 Ark. 384, 123 S.W.3d 883 (2003). Because Foster has failed to preserve his arguments for appeal, we decline to address the merits.

Affirmed.

GLADWIN, C.J., and GLOVER, J., agree.

*Robert M. "Robby" Golden*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Karen Virginia Wallace*, Ass't Att'y Gen., for appellee.