Cite as 2020 Ark. App. 228

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** CR-19-576

| | |
|---|---|
| DARIN LEE HUTSON<br><br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br><br>APPELLEE | **Opinion Delivered:** April 15, 2020<br><br>APPEAL FROM THE INDEPENDENCE COUNTY CIRCUIT COURT<br>[NO. 32CR-17-382]<br><br>HONORABLE TIM WEAVER, JUDGE<br><br>AFFIRMED |

**BART F. VIRDEN, Judge**

An Independence County Circuit Court jury found appellant Darin Lee Hutson guilty of possessing methamphetamine with the intent to deliver and possessing drug paraphernalia. Hutson was sentenced to twelve years' incarceration in the Arkansas Department of Correction and fined $5000. On appeal, he argues that the evidence was insufficient to support his conviction. Specifically, he argues that the State failed to prove he exercised dominion or control over the drugs and paraphernalia. Because Hutson did not preserve this argument for appeal, we affirm.

Arkansas Rule of Criminal Procedure 33.1 requires that an appellant move for a directed verdict at the close of the State's evidence and again at the close of all the evidence and that the failure to do so waives a challenge to the sufficiency of the evidence on appeal. In *Ballinger v. State*, 2016 Ark. App. 177, 486 S.W.3d 239, our court held that the appellant's

failure to renew a motion for directed verdict after the close of the State's rebuttal testimony waived the issue of sufficiency of the evidence. At trial, Hutson moved for a directed verdict at the end of the State's case and again at the end of the defense's case-in-chief; however, Hutson failed to renew his motion at the close of the State's rebuttal testimony. Accordingly, we hold that Hutson failed to preserve the question of sufficiency of the evidence by failing to properly renew the motion for directed verdict after the State's rebuttal testimony.

Hutson asserts that the rebuttal evidence offered by the State after the renewal of Hutson's directed-verdict motion was presented only for the purpose of impeaching Hutson's credibility with a prior inconsistent statement, and no new evidence was adduced in rebuttal; thus, it was not necessary to renew the motion. Though we acknowledge Hutson's argument, it is not well taken.

In *Christian v. State*, 318 Ark. 813, 889 S.W.2d 717 (1994), our supreme court first addressed a defendant's failure to renew a motion for a directed verdict after the State's rebuttal testimony. The supreme court declined to consider the sufficiency of the evidence under these circumstances and held that "although we have not previously had before us a case in which the motion was renewed at the conclusion of the defendant's case-in-chief but not after rebuttal evidence, the plain language of the rule requires the latter, and we interpret the rule strictly." Since our supreme court's holding in *Christian*, our appellate courts have consistently upheld the strict interpretation of the requirement for renewal at the close of all evidence, even after the State's rebuttal testimony. *See Davis v. State*, 2009

2

Ark. 478, 348 S.W.3d 553; *Smith v. State*, 347 Ark. 277, 61 S.W.3d 168 (2001); *Rankin v. State*, 329 Ark. 379, 948 S.W.2d 397 (1997). We affirm.

Affirmed.

HARRISON and VAUGHT, JJ., agree.

*Brian G. Brooks, Attorney at Law, PLLC*, by: *Brian G. Brooks*, for appellant.

*Leslie Rutledge*, Att'y Gen., by: *Brad Newman*, Ass't Att'y Gen., for appellee.